612 F.2d 1220
 6 Bankr.Ct.Dec. 126, Bankr. L. Rep. P 67,330
 In the Matter of Lloyd Everett RAMSEY, formerly dba Ramsey
Produce, Inc., Bankrupt.
Alene P. RAMSEY, Plaintiff-Appellant,
v.
Lloyd Everett RAMSEY, formerly dba Ramsey Produce, Inc.,
Defendant-Appellee.
 No. 77-2501.
 United States Court of Appeals,
Ninth Circuit.
 Feb. 6, 1980.
 
 Maile N. Johnson, Murphy, Weir & Butler, San Francisco, Cal., for plaintiff-appellant.
 David W. Harris, Pleasanton, Cal., argued for defendant-appellee; Alan Grossman, Pleasanton, Cal., on the brief.
 Appeal from the United States District Court for the Northern District of California.
 Before MERRILL, ANDERSON and SCHROEDER, Circuit Judges.
 J. BLAINE ANDERSON, Circuit Judge:
 
 
 1
 In Ramsey v. Ramsey, 96 Idaho 672, 535 P.2d 53 (1975), the Idaho Supreme Court held that Lloyd Ramsey's military retirement benefits were community property and that upon divorce, his wife, Alene Ramsey, was entitled to a lump sum payment of her interest in the community asset. After the Idaho courts entered judgment in favor of Alene, Lloyd moved to California and began this bankruptcy proceeding to free himself of Alene's judgment against him. The bankruptcy court held that Alene's judgment was dischargeable and she appealed to the district court which affirmed on the merits. We conclude that Alene's untimely appeal to the district court deprived it of jurisdiction to consider the case. We therefore remand to the district court for dismissal.
 
 I. BACKGROUND
 
 2
 Lloyd and Alene were divorced in 1972. The principal asset acquired during their marriage was Lloyd's military retirement which amounts to a minimum of $341.27 per month. The Idaho Supreme Court held that Lloyd's retirement benefits were community property to the extent that "they were earned during his years of active service and while he was married." Ramsey, supra, 535 P.2d at 59.[1] Accordingly, it was found that Alene was entitled to 17/40ths of Lloyd's retirement as her share of the community asset.
 
 
 3
 At the prompting of Lloyd (and to the misfortune of Alene), the Idaho court went on to find that it is the policy of Idaho that "upon dissolution of a community by divorce each spouse should have immediate control of his or her share of the community property, or at least within a reasonable time." Ramsey, supra, 535 P.2d at 60. The trial court was directed to compute the present value of the retirement pay and enter judgment in a lump sum amount for Alene.[2]
 
 
 4
 On remand to Idaho's Fifth Judicial District, judgment was entered in favor of Alene for $23,479.04 as her share of Lloyd's military retirement benefits. Clerk's Record (C.R.) at 236-237.
 
 
 5
 Less than four months after the judgment was entered against him in Idaho, Lloyd filed a petition in bankruptcy in the Northern District of California.[3] On September 15, 1976, the bankruptcy judge entered an order finding that the Idaho judgment in favor of Alene was dischargeable in bankruptcy. C.R. 120-124. The bankruptcy court's judgment denying Alene's claim was entered on November 9, 1976. C.R. 142-143. Alene's notice of appeal to the district court was filed on November 22, 1976. C.R. 144-145.
 
 
 6
 II. TIMELINESS OF THE NOTICE OF APPEAL FROM THE BANKRUPTCY COURT
 
 
 7
 A party who appeals from bankruptcy court to district court must file a notice of appeal with the bankruptcy court within 10 days of the entry of the order or judgment appealed from. Bankruptcy Rule 802(a).[4] Alene had until November 19, 1976, to file her notice of appeal. Since filing occurred on November 22, it was therefore untimely. An untimely notice deprives the district court of jurisdiction to review the bankruptcy court's order or judgment. Matter of Estate of Butler's Tire & Battery Co., Inc., 592 F.2d 1028, 1034 (9th Cir. 1979); In re W. T. Grant Co., 425 F.Supp. 565, 567 (S.D.N.Y.1976), Aff'd without opinion, Berger v. Rodman, 559 F.2d 1202, 1206 (2d Cir. 1977). The untimely filing of Alene's appeal was never brought to the attention of the district court which proceeded to consider the merits of the case. Since this court's jurisdiction can only be based on a proper exercise of jurisdiction in the court below, we raised this issue Sua sponte at oral argument.[5] If the district court did not have jurisdiction to review the merits, then this court does not have jurisdiction to consider the merits on appeal.
 
 
 8
 Initially, we note that this court has strictly construed and compulsorily applied the ten-day requirement. Butler's Tire & Battery Co., supra, 592 F.2d 1028; Matter of Best Distribution Co., 576 F.2d 1360 (9th Cir. 1978); In re Great Western Ranches, Inc., 511 F.2d 1021 (9th Cir. 1975); In re Benefiel, 500 F.2d 1219 (9th Cir. 1974). With this in mind, we turn to Alene's argument that this court should construe her appeal as timely.
 
 
 9
 Alene's principal argument can be summarized as follows: She alleges that her notice of appeal was mailed on November 18, 1976, erroneously addressed to the bankruptcy court in San Francisco rather than to the bankruptcy court in Oakland where it should have been sent. It is further alleged that the San Francisco court must have received the notice on November 19 (the last day for filing), and then forwarded it to Oakland where it was filed on November 22. Since Bankruptcy rule 509(c) states that the date of receipt of misdelivered bankruptcy papers shall be "noted thereon," the San Francisco court must have noted the November 19 filing date before forwarding it to Oakland. Then, when the clerk's office in Oakland received the notice with the November 19 date "noted thereon," it considered it filed as of that date "and permitted this appeal to go forward."
 
 
 10
 This argument fails for several reasons. First, it is difficult to believe that the Oakland bankruptcy court would have considered it filed as of November 19 when the Oakland court stamped November 22 on the face of the notice. Secondly, Bankruptcy Rule 509(c) does not support Alene's position. In pertinent part, that rule provides that in the event of misfiling, "(i)n the interest of justice, the court may order that the paper shall be deemed filed as of the date of its original delivery." Assuming, for the moment, Alene's version of the sequence of events, since there has never been A court order stating that the notice was deemed filed as of November 19, Rule 509(c) cannot afford any excuse for her untimely filing. And finally, it is questionable whether this rule has any applicability to the filing of the notice of appeal.[6]
 
 
 11
 Another consideration which weighs heavily with this court is that Alene's attorney is chargeable with knowledge that the notice had not been timely filed during the period when it was still possible to move for an extension of time. After the ten-day period has expired, Bankruptcy Rule 802(c) allows a party, upon a showing of excusable neglect, to move for an extension of time for filing the notice.[7] Under Rule 802(c), Alene had until December 9, 1976, to make such a motion.[8] This was never done. Yet, on December 2, 1976, Alene's attorney filed papers in the Oakland bankruptcy court entitled "Designation of Contents of Record" which included the following statement: "The above-named appellant (Alene) having filed a Notice of Appeal on November 22, 1976. . . ." C.R. 146. It is therefore apparent that the jurisdictional defect was (or should have been) apparent to Alene's attorney during the time period within which the bankruptcy court still had the discretionary power to cure the defect.
 
 
 12
 Alene also suggests that this court might consider adopting the mailbox rule, that is, notice is complete upon mailing. See Matter of Pigge, 539 F.2d 369, 371 (4th Cir. 1976). This would have meant that Alene's notice was "filed" when it was allegedly mailed on November 18. While we recognize the applicability of this rule to other areas, in view of this court's strict construction and the jurisdictional nature of the ten-day requirement,[9] we decline the invitation to make such a judicial extension.[10]
 
 
 13
 In sum, we hold that Alene's notice of appeal from the bankruptcy court was not filed within the 10 days allowed by Bankruptcy Rule 802(a). Because of this, the district court was without jurisdiction to hear this case. We therefore vacate the order entered by the district court and remand this case for dismissal.
 
 
 14
 VACATED and REMANDED.
 
 
 
 [1]
 It is questionable whether Federal retirement benefits are divisible as community property in view of Hisquierdo v. Hisquierdo, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), which held that a California community property award to a wife of a husband's expected benefits under the Railroad Retirement Act of 1974 impermissibly conflicted with the Federal act. The resolution of this issue must await some other case
 
 
 [2]
 It is interesting to note that this rule requiring immediate lump sum payment of retirement benefits was tempered by the Idaho court in Shill v. Shill, 100 Idaho 433, 599 P.2d 1004 (1979). Trial courts were instructed to consider the liquid assets of the spouse with the retirement benefits (599 P.2d at 1010). Had this been done in Ramsey, the bankruptcy proceeding probably would never have been initiated
 
 
 [3]
 Dissenting in the Ramsey decision, Justice Bakes accurately predicted the future course of the Ramseys' fight for the retirement benefits:
 "All indications from the record are that this will bankrupt the husband. This, incidentally, might be one way for the husband to avoid the effect of the majority's judgment entirely, since the judgment in this case would probably be dischargeable in bankruptcy, but the future military retirement pay would probably not be an asset administered in the bankrupt estate."
 
 
 [535]
 P.2d at 65
 
 
 [4]
 Rule 802(a) provides as follows:
 "The notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires."
 
 
 [5]
 By order of this court, the parties filed supplemental briefing on the jurisdictional issue
 
 
 [6]
 The Advisory Committee's Note to this rule explains it as an extension of the rule of practice respecting proofs of claims. There is no discussion as to whether it should be applied to notices of appeal. Assuming, without deciding, that 509(c) may be applied to the filing of the notice of appeal, we stress that the Alleged date of receipt by the San Francisco court was never "noted thereon." Furthermore, we question, but do not decide, whether Rule 509 has any application to papers filed in the wrong court, which is the situation here. The comment to the rule and personnel listing in the rule would appear to encompass filing with the wrong person, but not with the wrong bankruptcy court
 
 
 [7]
 Rule 802(c) provides as follows:
 "The referee may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before such time has expired, except that a request made after the expiration of such time may be granted upon a showing of excusable neglect if the judgment or order does not authorize the sale of any property."
 
 
 [8]
 See Advisory Committee's Note to Rule 802 which states that: ". . . the maximum time allowable under this rule for filing an appeal is 30 days after the entry of the judgment or order appealed from . . . ."
 
 
 [9]
 For these same reasons, we also choose not to invoke the harmless error rule of Fed.R.Civ.P. 61 as suggested by Alene
 
 
 [10]
 See, e. g. : Goff v. Pfau, 418 F.2d 649, 654 (8th Cir. 1969), Cert. denied, 398 U.S. 931, 90 S.Ct. 1830, 26 L.Ed.2d 97 (court rejected bankrupt's contention that three days should be added to the ten-day period because of service by mail); In re Scheid's, Inc., 342 F.Supp. 290, 291 (E.D.Pa.1972) (the ten-day requirement was not met by merely depositing the papers in the mail within the time allowed); In re Plotkin, 247 F.Supp. 293, 295 (S.D.N.Y.1965) ("delay in the mails could only be relevant on an Application to extend the time for filing a petition to review. . . .")