**In re H. DAROFF & SONS, INC., Bankrupt.**

Civ. A. No. 80–3510.
Bankruptcy No. 72–274G.

United States District Court,
E. D. Pennsylvania.

Feb. 18, 1981.

Sidney Chait, Adelman & Lavine, Philadelphia, Pa., for appellee.

Howard F. Cerny, Law Office Howard Franklin Cerny, New York City, for appellant.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, Senior District Judge.

On July 14, 1980, United States Bankruptcy Judge Emil F. Goldhaber entered an order granting the Movant-Trustee leave to compromise the Trustee's claims against the First National Bank of Boston. Subject to certain conditions in the order, the Trustee was permitted to accept $200,000.00 in full settlement of the Trustee's claims against the bank. Thereafter, a notice of appeal from the order was filed with the Clerk of the Bankruptcy Court by the aggrieved parties, Michael Daroff and Botany Industries, Inc. The notice of appeal, however, was not filed until July 28, 1980, fourteen days after entry of the Bankruptcy Judge's order. It is the direct result of this late filing that the instant motion to dismiss is now before the Court.

A ten-day limit on filing a notice of appeal from a Bankruptcy Judge's order applies pursuant to Bankruptcy Rule 802(a). Thus, a threshold question arises as to whether the Bankruptcy Judge's order has become final. Bankruptcy Rule 802(a) provides in pertinent part, as follow:

"(a) The notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from . . . ."

Moreover, Bankruptcy Rule 803 states:

"Unless a notice of appeal is filed as prescribed in Rules 801 and 802, the judgment or order of the referee *shall* become final." (emphasis added).

■ Initially, it must be noted that the ten-day period for filing a notice of appeal from the order of a bankruptcy referee is to be strictly construed and compulsorily applied. *Matter of McGuire*, 1 B.R. 496 (Bkrtcy.E.D.Pa.1979); *Accord, Butler's Tire & Battery Co.*, 592 F.2d 1028 (9th Cir. 1979); *Matter of Best Distribution Co.*, 576 F.2d 1360 (9th Cir. 1978).

■ Michael Daroff and Botany Industries, Inc., therefore, had until July 24, 1980, to file their notice of appeal. Since such filing did not occur until July 28, 1980, it was ineffectual and untimely. An untimely notice *deprives* the district court of jurisdiction to review the bankruptcy court's order or judgment. *Matter of Ramsey*, 612 F.2d 1220 (9th Cir. 1980); *Butler's Tire & Battery Co., Inc., supra* at 1034; *In re W. T. Grant Co.*, 425 F.Supp. 565, 567 (S.D.N.Y.

1976); *aff'd without opinion, Berger v. Rodman*, 559 F.2d 1202 (2d Cir. 1977).

Counsel for Michael Daroff and Botany Industries, Inc., contends that he never received a copy of Judge Goldhaber's order until the evening of July 25, 1980. And, with due diligence upon receiving notice of such order, counsel immediately dispatched a telegram to the court and opposing counsel to appraise all concerns of his pending action. This Court has determined that such an occurrence of events is not a proper reason for it to assume jurisdiction by applying Fed.R.Civ.P. 60(b)(6) in order to provide relief from the Bankruptcy Court's order.

My conclusion is mandated by Section 39(c) of the Bankruptcy Act[1], 11 U.S.C. § 67(c), which provides in part, as follows:

"(c) A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court upon petition filed within such ten-day period may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. Unless the person aggrieved *shall* petition for review of such order within such ten-day period, or any extension thereof, the order of the referee shall become final...." (emphasis added).

A brief review of how Section 39(c) was worded prior to a 1960 amendment, will demonstrate the intent of Congress to remove any discretion from the district court relating to the time for filing an appeal from the bankruptcy court. Section 39(c) was amended by Pub.L.No.86–662, 86th Cong., 2d Sess. (July 14, 1960), 74 Stat. 528, to remove the uncertainty as to the finality of a referee's order. Prior to this amendment, Section 39(c) read as follows:

"A person aggrieved by an order of a referee *may,* within ten days after the entry thereof, or within such extended time as the court *may* for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. Upon application of any party in interest, the execution or enforcement of the order complained of *may* be suspended by the court upon such terms as will protect the rights of all parties in interest." (emphasis added).

Under the wording prior to the amendment, the United States Supreme Court had held in *Pfister v. Northern Illinois Finance Corp.,* 317 U.S. 144, 153, 63 S.Ct. 133, 139, 87 L.Ed. 140 (1942), that there was no limitation upon the discretion of the court to entertain a petition for review after the expiration of the 10-day period. The amendment now makes it clear that a petition for review *must* be filed within the prescribed 10-day period or within such extended time as the court may allow upon petition for extension, itself filed within such a 10-day mandated period. Senate Report No.1689, 86th Cong., 2d Sess. (1960), U.S.Code Cong. & Admin.News 1960, p. 3194.

As stated by Judge Broderick in the case of *In re Lewis Jones, Inc.,* 369 F.Supp. 111 (E.D.Pa.1973), "[t]his rule is inflexible and applies regardless of whether or not the aggrieved party actually received a copy of the order complained of, for it is incumbent upon interested parties to keep track of the record of the proceedings." *Id.* at 118. Thus, Bankruptcy Rule 802 retains the ten day limit prescribed by Section 39(c) of the prior Bankruptcy Act for seeking review of a referee's order.

1. "A case commenced under the [prior] Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if the [new] act had not been enacted." The Bankruptcy Reform Act of 1978, Pub.L.No.95–598, § 403(a), 92 Stat. 2683(a).

Even leaving aside the question of whether notice of the order was or was not received on or before July 24, counsel for the aggrieved party's affidavit establishes that he had notice of the order no later than July 25, eleven days after its entry. Under Bankruptcy Rule 802(c), which states as follows:

> "(c) The referee may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. *A request to extend the time for filing a notice of appeal must be made before such time has expired*, except that a request made after the expiration of such time may be granted upon showing of excusable neglect if the judgment or order does not authorize the sale of any property." (emphasis added).

Thus, counsel still had 19 days to apply for an extension of time upon a showing of excusable neglect. There was, however, no request for a 20-day extension filed within 30 days of the order.

Accordingly, since neither the petition for review of the order of the Bankruptcy Judge, nor a petition for extension of time in which to file a petition for review, has been filed within the required statutory period after entry of the Bankruptcy Judge's order, the petition will be dismissed. Bankruptcy Rule 803 distinctly states that unless a notice of appeal is filed as prescribed by Rules 801 and 802, the order of the referee becomes final. Bankruptcy Rule 906[2] distinctly prohibits the enlargement of this time for filing a notice of appeal. The ten-day filing requirement for a party aggrieved by an order of a Bankruptcy Judge is mandatory and inelastic. The Court, therefore, has neither jurisdiction, nor the prerogative of entertaining discretion on its part to consider a petition filed after such ten-day period has expired.

---

2. "(b) *Enlargement.* When by these rules or by notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed . . . *but it may not extend the time* for taking any action under Rule . . . 802, except to the extent and under the conditions stated in them." (emphasis added).