647 F.2d 121
 7 Bankr.Ct.Dec. 665, Bankr. L. Rep. P 68,324
 In re INTERNATIONAL COATING APPLICATORS, INC., Lou Ann
Garroutte d/b/a International Coating Applicators,
Inc., and Jerry Dean Garroutte d/b/a
International Coating Applicators, Inc., Bankrupts, FIRST
NATIONAL BANK & TRUST COMPANY OF PONCA CITY,
Oklahoma, Plaintiff-Appellee,
v.
INTERNATIONAL COATING APPLICATORS, INC., Lou Ann Garroutte
and Jerry Dean Garroutte, Defendants-Appellants.
 Nos. 79-1656, 79-1657 and 79-1658.
 United States Court of Appeals,
Tenth Circuit.
 Submitted Jan. 27, 1981.
Decided April 16, 1981.
 
 John G. Maddox of Armstrong, Burns, Baumert, Maddox & Cummings, Ponca City, Okl. for plaintiff-appellee.
 John E. Northcutt, of Northcutt, Northcutt, Raley, Clark, Gardner, Hron & Northcutt, Ponca City, Okl., for defendants-appellants.
 Before McWILLIAMS, BREITENSTEIN, and LOGAN, Circuit Judges.
 McWILLIAMS, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 International Coating Applicators, Inc., and its owners, Lou Ann Garroutte and Jerry Dean Garroutte in their individual capacities, filed petitions in bankruptcy. The corporation and the Garrouttes will hereinafter be referred to as Garroutte.
 
 
 3
 The First National Bank & Trust Company of Ponca City, Oklahoma, a creditor of Garroutte, filed a complaint in the Garroutte bankruptcy proceeding wherein the Bank objected to discharge of Garroutte's indebtedness to the Bank. The basis for the Bank's objection was that Garroutte had obtained loans from the Bank by the means of false and misleading financial statements and inventory records. After an evidentiary hearing, the Bankruptcy Judge found that certain loans by the Bank resulted from false and misleading representations by Garroutte and that Garroutte's indebtedness to the Bank in the sum of $27,034.00 was nondischargeable. Accordingly, on June 30, 1978, judgment was entered in favor of the Bank and against Garroutte, the bankrupt, in the sum of $27,034.00.
 
 
 4
 As indicated, judgment was entered on June 30, 1978. Nothing occurred thereafter in the proceeding between the Bank and Garroutte until August 4, 1978. On that date Garroutte filed the following: (1) a notice of appeal to the District Court from the Bankruptcy Court's judgment; (2) a motion for new trial on the grounds that the order of the Bankruptcy Judge was against the weight of the evidence and that the Bankruptcy Judge considered matters not in evidence; and (3) a motion for rehearing to allow a further presentation of evidence.
 
 
 5
 Underlying Garroutte's motion for new trial and the motion for rehearing was the belief that the Bankruptcy Judge considered evidentiary matter that was not properly before him. After concluding his evidentiary hearing into the merits of the Bank's claim of nondischargeability, the Bankruptcy Judge took the matter under advisement and asked that each party submit proposed findings. This was done. The Bankruptcy Judge, by letter of March 14, 1978, inquired of counsel concerning a matter that was giving him concern.[1] Counsel for Garroutte responded to the Judge's inquiry by letter on May 15, 1978. Counsel for the Bank responded by letter on May 24, 1978. A copy of the Bank's letter response was sent to Garroutte's counsel. After receiving the responses from both parties, the Bankruptcy Judge entered his order on June 20, 1978. In the motions for new trial and rehearing, counsel suggests that the Bankruptcy Judge considered statements made in the Bank's letter response of May 24, 1978, which were not technically in evidence.[2] It was on this ground that Garroutte asked that the entire matter be reopened and that he be allowed to introduce additional evidence to rebut these statements.
 
 
 6
 In connection with his hearing on Garroutte's post-judgment motions, the Bankruptcy Judge first held that Garroutte's notice of appeal filed on August 4, 1978, was untimely, and that he therefore had jurisdiction to entertain the motions for new trial and rehearing. In this latter regard, the Bankruptcy Judge then held that the motion for new trial was itself not timely filed, and that the motion for rehearing was without merit since there was no showing of mistake, inadvertence, excusable neglect, newly discovered evidence or fraud. Accordingly, on September 22, 1978, the Bankruptcy Judge denied Garroutte's motion for new trial and his motion for rehearing. On October 2, 1978, Garroutte filed a second notice of appeal in order to obtain review of the Bankruptcy Judge's order of September 22, 1978. On appeal to the District Court, the Honorable Luther B. Eubanks affirmed the Bankruptcy Judge "in all respects" and entered judgment to that effect. Garroutte now seeks reversal of Judge Eubanks' order. Judge Eubanks acted properly, under the circumstances, and we therefore affirm.
 
 
 7
 The Bankruptcy Judge initially ruled that the first notice of appeal attacking the order of June 30, 1978, was not timely filed, and that therefore he had not been divested of jurisdiction. Bankruptcy Rule 802(a) provides that a notice of appeal shall be filed with the referee within ten days after the date of entry of the judgment or order sought to be appealed. Rule 802(c) provides that the time for filing a notice of appeal may be extended not to exceed twenty days, but that a request to extend the time within which to file the notice of appeal must be made within the initial ten-day period provided in Rule 802(a), unless there be a showing of excusable neglect.[3] In the instant case, the notice of appeal was filed thirty-four days after the entry of judgment,[4] well beyond the time limitation provided in Rule 802. Although, under the circumstances it is irrelevant, Garroutte's claim of excusable neglect falls far short. The inability of counsel to contact Garroutte because he sent a letter to Garroutte at a wrong address does not constitute excusable neglect.[5]
 
 
 8
 Bankruptcy Rule 803 provides that unless a notice of appeal is filed as prescribed by Rules 801 and 802, the judgment or order of the referee shall become final. Hence, the Bankruptcy Judge's order of June 30, 1978, did become final, subject only to Garroutte's right under applicable rules to file post-judgment motions. Because the August 4, 1978, notice of appeal was legally ineffective, it, therefore, did not deprive the Bankruptcy Judge of jurisdiction to hear post-judgment motions. The untimely notice of appeal filed on August 4, 1978, also did not preserve for judicial review the Bankruptcy Judge's order of June 30, 1978. See Matter of Ramsey, 612 F.2d 1220, 1222 (9th Cir. 1980).
 
 
 9
 The Bankruptcy Judge denied the motion for a new trial on the ground that it was not filed within the ten-day period prescribed by Fed.R.Civ.P. 59(b).[6] As indicated, the motion for new trial was filed thirty-four days after the entry of judgment. Under the circumstances, the Bankruptcy Judge did not err in denying the motion for new trial.
 
 
 10
 The motion for rehearing filed by Garroutte was treated as a motion under Fed.R.Civ.P. 60(b).[7] That rule permits relief from a final judgment on the ground of mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discerned in time to move for new trial under Rule 59(b), and provides that a motion based on such grounds may be made within one year after the entry of judgment. Entertaining the motion for rehearing on its merits, the Bankruptcy Judge denied the motion on the ground that there was no showing of any such mistake, inadvertence, or excusable neglect as would justify granting any relief from the judgment previously entered. Furthermore, the Bankruptcy Judge found that the allegedly "newly discovered evidence" was cumulative, and though available, was simply not introduced at the original trial. We agree. In our view, there is nothing of any real substance which supports Garroutte's suggestion that the Bankruptcy Judge considered evidentiary matter which was not properly before him. Additionally, we note that a showing of an abuse of discretion is required in order to overturn a determination of the presence or absence of excusable neglect. Gooch v. Skelly Oil Company, 493 F.2d 366, 368 (10th Cir.), cert. denied, 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270 (1974); Wilken v. Sunbeam Corporation, 466 F.2d 714, 717 (10th Cir. 1972), cert. denied, 409 U.S. 1126, 93 S.Ct. 940, 35 L.Ed.2d 258 (1973). We find no such abuse of discretion in the instant case. In this general connection, we note that counsel for Garroutte received a copy of the Bank's response to the Bankruptcy Judge's inquiry of counsel, and apparently took no exception to its contents until after the Bankruptcy Judge ruled in favor of the Bank.
 
 
 11
 As indicated, on appeal, the District Court affirmed the Bankruptcy Judge in all respects. The District Court committed no error in so doing and we therefore affirm its judgment.
 
 
 12
 Judgment affirmed.
 
 
 
 [1]
 Specifically, the Bankruptcy Judge was concerned about the accuracy of the list of equipment and collateral used to secure the original $90,000 loan and what the Bank was led to believe in regard to this collateral when it made the $90,000 loan
 
 
 [2]
 Essentially, counsel objects to "some additional figuring and computations" added to Plaintiff's Exhibit $ 1 which was properly introduced at trial
 
 
 [3]
 The Advisory Committee's Note to Rule 802 further provides that any allowable extension cannot exceed the 20-day limitation prescribed by Rule 802(c) and, thus, the maximum time allowable under this Rule for filing an appeal is 30 days after the entry of judgment or order appealed from
 
 
 [4]
 We note that the official date of the entry of judgment was June 30, 1978, and the official date of the filing of the notice of appeal was August 4, 1978. The amount of time which had elapsed prior to the filing of the notice of appeal was actually 34 days, therefore, rather than 31 days as the appellants claim in their brief
 
 
 [5]
 Although the term "excusable neglect" is not defined in Rule 802, we have previously held that whether or not neglect is excusable must be determined by an application of the commonsense meaning of the two words to the facts of the case at hand. Gooch v. Skelly Oil Company, 493 F.2d 366, 369 (10th Cir.), cert. denied, 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270 (1974). We find that excusable neglect has not been established by the circumstances of the instant case. In this regard, we note that the Ninth Circuit has also declined to find that the erroneous addressing of bankruptcy papers constitutes excusable neglect. Matter of Ramsey, 612 F.2d 1220 (9th Cir. 1980)
 
 
 [6]
 Fed.R.Civ.P. 59 has been made applicable to bankruptcy cases by Bankruptcy Rule 923
 
 
 [7]
 Fed.R.Civ.P. 60(b) has been made applicable to bankruptcy cases by Bankruptcy Rule 924