## UNION TRUST AND SAVINGS BANK, STANWOOD, IOWA, Plaintiff,

v.

## Charles William JASPERSON, Defendant.

### No. C 83–222.

United States District Court, N.D. Iowa, Cedar Rapids Division.

March 6, 1984.

Order March 15, 1984.

Stuart Werling, Tipton, Iowa, for plaintiff.

Stephen A. Swift, Cedar Rapids, Iowa, for defendant.

### ORDER

EDWARD J. McMANUS, Chief Judge.

This matter is before the court on plaintiff/creditor's application for leave to appeal, filed December 15, 1983. Dismissed.

On September 20, 1983 the United States Bankruptcy Court for the Northern District of Iowa issued findings of fact, conclusions of law and an order denying and dismissing plaintiff/creditor's complaint. Plaintiff/creditor now seeks to appeal that order on the grounds that the Bankruptcy Court misapplied the law and clearly erred in its findings of fact. However, plaintiff/creditor has failed to furnish the court with a transcript or summary of the evidence agreed upon by the parties as required by Local Rule 5.1.2. *See* November 22, 1983 Certificate on Appeal. Without a transcript or summary, this court cannot be expected to review the proceedings below.

It is therefore

ORDERED

Pursuant to Local Rule 5.1.2, the appeal is dismissed.

## ORDER

### ON MOTION TO RECONSIDER

This matter is before the court on plaintiff's motion to reconsider, filed March 8, 1984, and request for oral argument, filed March 12, 1984. Denied.

On March 6, 1984 this court dismissed plaintiff's appeal, pursuant to Local Rule 5.1.2, on account of plaintiff's failure to furnish the court with a transcript or summary of the evidence. Plaintiff now claims that it complied with Local Rule 5.1.2 by attaching a copy of the order appealed from to its notice of appeal filed in the bankruptcy court. Hence, plaintiff asks the court to reconsider.

In support of its motion to reconsider, plaintiff has submitted a copy of its notice of appeal, which is now before this court for the first time. That notice was filed in the bankruptcy court on October 11, 1983 appealing from a September 20, 1983 order. Federal Bankruptcy Rule 8002, incorporated in Local Rule 8003, requires that

The notice of appeal shall be filed with the clerk of the bankruptcy court within

10 days of the date of the . . . order . . . appealed from.

Where an appeal is not timely filed, the district court lacks jurisdiction to review the bankruptcy court's order. *In re LBL Sports Center, Inc.,* 684 F.2d 410, 412 (6th Cir.1982); *Matter of Ramsey,* 612 F.2d 1220, 1222 (9th Cir.1980).

Here, it is clear that the appeal was untimely filed; therefore the court lacks jurisdiction to decide the questions raised by plaintiff. However, the court is concerned that the record was not fully developed in this regard until this advanced stage of the appeal. Counsel is advised to pay better heed to the bankruptcy rules in the event of future appeals.

It is therefore

ORDERED

Denied.