In re Carl Kenneth JACKSON, Debtor.

Juanita CATLETT, Plaintiff,

v.

Carl Kenneth JACKSON, Defendant.

Bankruptcy No. 48200257.
Adv. No. 4820048.

United States Bankruptcy Court,
W.D. Kentucky.

April 23, 1985.

Patricia A. Lewis, Elizabethtown, Ky., for plaintiff.

Thomas E. Cooper, Elizabethtown, Ky., for defendant/debtor.

Rhonda Taylor, Owensboro, Ky., trustee.

## SUPPLEMENTAL MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

This matter comes before the court upon remand of our earlier opinion in this case [1] by the U.S. District Court for the Western District of Kentucky. Our senior court instructs us: (1) to enter a final order as to the dischargeability of a $300-per-month payment imposed on the debtor by the Hardin County Circuit Court, and (2) to determine whether a postpetition garnishment by the debtor's former wife violated the automatic stay and should be quashed. For the reasons briefly discussed below we hold the $300 monthly payment to be a nondischargeable award of maintenance and support under 11 U.S.C. § 523(a)(5). We further hold that the ex-wife's garnish-

---

1. *In re Jackson,* 27 B.R. 892 (Bkrtcy.W.D.Ky. 1983).

ments of the debtor's wages did not violate 11 U.S.C. § 362 and should not be quashed.

In the words of the Hardin Circuit Court, the Jackson case "has been one of the more hotly contested actions in the history of the Hardin Circuit Court and one which [led to] a landmark decision ... by the Kentucky Supreme Court".[2] In the course of this case the Hardin Circuit Court was required to determine what constituted "decent support" under the terms of the prenuptial agreement. The Hardin Circuit Court gave meaning to this nebulous clause and reduced the obligation to the certain figure of $300 per month. Such an award *in a contested case* such as this is not to be treated lightly by a Bankruptcy Court.[3] As the Sixth Circuit Court of Appeals stated in *In re Calhoun,*

> It is not intended that the Bankruptcy Court sit as a "super-divorce" court. Rather, the purpose of such inquiry is to ensure that the degree of support represented by the loan assumptions, *particularly in uncontested cases,* does not clearly exceed that which *might reasonably have been awarded as support by a state court after an adversarial proceeding.*[4]

This logic extends to all cases involving dischargeability questions under 11 U.S.C. § 523(a)(5).

■ Therefore, after a careful review of the facts of this case, including the circumstances surrounding the divorce and the initial judgment of the Hardin Circuit Court, we specifically find that:

1.) the state court intended to create an obligation of support and maintenance through its award of monthly payments of $300 by the debtor to his ex-wife;

2.) the $300 monthly payments have the effect of providing necessary support for the debtor's ex-spouse;

3.) the award of $300 per month as support was not manifestly unreasonable under traditional concepts of support;

and hold that the $300 monthly payment constitutes a nondischargeable award of support and maintenance under 11 U.S.C. § 523(a)(5).

The second issue we must address is whether certain garnishments by the debtor's former wife constituted a violation of the 11 U.S.C. § 362 automatic stay and therefore should be quashed and the debtor's former wife held in contempt. Section 362(b)(2) provides:

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3), does not operate as a stay—

(2) under subsection (a) of this section, of the collection of alimony, maintenance, or support from property that is not property of the estate;

■ The postpetition salary of the debtor is clearly not property of the bankruptcy estate and therefore is not protected by the provision of the § 362 stay. Therefore we hold that the garnishment actions instituted by the debtor's ex-wife did not

---

2. *Jackson v. Jackson,* No. 79–CI–22, (Hardin Circuit Court Sept. 1, 1983) (unpublished).

3. A divorce decree entered in a contested proceeding is to be given more weight by a Bankruptcy Court, than a decree which incorporates an agreement of the parties.
 We recognize that such inquiry may, in effect, modify a judgment or decree of a state court. In view of the congressional mandate to apply a federal standard, this cannot be avoided. Actual interference, however, will probably be minimal. In a contested case the likelihood that the state court would have awarded support where it was unnecessary is sufficiently remote that such interference by the bank-

ruptcy court will seldom be necessary. When, as in the present controversy, the decree is not the result of a contested case but merely incorporates the parties' agreement, the concern for comity is of less importance. To allow the parties' characterization of a loan assumption in such cases to control pro forma would permit the debtor to agree to forego his rights under the bankruptcy laws. (Emphasis added)
 *In re Calhoun,* 715 F.2d 1103, 1109–1110 n. 10 (6th Cir.1983)

4. *Id.* at 1110 n. 12.

violate the provisions of the automatic stay and OVERRULE the debtor's motion for contempt and the quashing of the garnishments.

 Finally the court notes that the Hardin Circuit Court has apportioned the $7,142 maintenance arrearage and property settlement award in a judgment dated September 1, 1983 [5]. It is therefore necessary that a hearing be held on the dischargeability of this debt.

A separate order reflecting these findings shall be entered today.

---

**5.** *Jackson v. Jackson,* note 2 *supra.* The state court held that $2,000 of the $7,142 award represented a property settlement, $4,000 represented a maintenance arrearage and $1,000 represented previously awarded attorney fees. The Hardin Circuit Court did not apportion the remaining $142.