778 F.2d 75
 Bankr. L. Rep. P 70,869
In re George ABDALLAH, Debtor,
Appeal of DONAHUE & DONAHUE, Appellant.
In re George ABDALLAH, Debtor,
Appeal of Richard DRURY, Administrator of the Estate of Mary
T. Abdallah, et al., Appellant.
In re George ABDALLAH, Debtor,
Appeal of Allen H. ROFFMAN, Appellant.
 Nos. 85-1105, 85-1106 and 85-1152.
 United States Court of Appeals,
First Circuit.
 Argued Aug. 8, 1985.
Decided Dec. 2, 1985.
 
 S. James Boumil, Lowell, Mass., on brief, for appellants.
 James M. Langan with whom Langan, Dempsey & Brodigan, Boston, Mass., on brief, for appellee, Eva D. Abdallah.
 Before CAMPBELL, Chief Judge, and BOWNES and TORRUELLA, Circuit Judges.
 TORRUELLA, Circuit Judge.
 
 
 1
 This case is before us on appeal from a decision by the District Court of Massachusetts affirming the denial of a motion to compel the sale of property. The motion was denied in the first instance by the bankruptcy court of that district in the case of the estate of debtor George Abdallah.
 
 
 2
 Abdallah filed a Chapter 7 proceeding on October 8, 1980. On July 28, 1981, while the proceedings were still in progress, the debtor died. On July 30, 1982, special counsel to the Trustee[1] filed an adversarial motion to compel the sale by public auction of certain real property under 11 U.S.C. Sec. 363(h). Eva Abdallah, widow of the debtor, filed various objections and a request for a jury trial, alleging that as tenant by the entirety with her deceased spouse, she alone now had title to the parcels in question, clear of the bankruptcy proceeding.
 
 
 3
 The bankruptcy court, 39 B.R. 384, held that upon the death of the debtor, full title in the tenancy by the entirety properly vested in the widow and accordingly there was nothing upon which Section 363(h) could operate. The decision rendered all further consideration under that section moot. The petitioners appealed to the district court, which upheld the decision in part, arriving at the same result regarding the nature of a valid tenancy by the entirety, but basing its ruling upon federal rather than state law. Confronted with serious allegations that the debtor and his wife created the tenancy by the entirety to defraud his creditors, the court remanded the case for an evidentiary hearing to determine the real parties in interest.
 
 
 4
 Appellants' core issue on appeal is whether 11 U.S.C. Sec. 363 authorizes the sale of real estate in which the nondebtor spouse claims an interest as a tenant by the entirety, after the death of the debtor, where, but for the bankruptcy proceeding, the full title would immediately vest in the surviving spouse. We find that the appeal of this issue is premature. The decision of the district court on an appeal from a bankruptcy judge's final order is not itself final if the district court's decision remands the case to the bankruptcy court for significant further proceedings. Under those circumstances, the district court's decision is not automatically appealable to the court of appeals. Matter of Riggsby, 745 F.2d 1153, 1156 (7th Cir.1984). See also 28 U.S.C. Sec. 158(d).
 
 
 5
 Still unresolved here, is the validity of the creation of the tenancy by the entirety. If the trial court finds that it was created to defraud creditors and that the complete title rests in the debtor's estate, any pronouncement we might now make on the tenancy by the entirety vis-a-vis the bankruptcy proceedings would be rendered academic.
 
 
 6
 In an effort to avoid piecemeal adjudication of the case, we abstain at this time from deciding the issues of the constitutionality of the remand[2] and Mrs. Abdallah's standing to object to the sale.[3]
 
 
 7
 Appellee points out that two appellants, creditor Donahue & Donahue and Trustee Roffman, failed to file timely notices of appeal from the bankruptcy court to the district court, see Bankruptcy Rule 8002(a) and (c). Compliance with this requirement is both mandatory and jurisdictional U.S.M. Corp. v. G.K.N. Fasteners Ltd., 578 F.2d 21, 22 (1st Cir.1978). Untimely notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's order. Matter of Ramsey, 612 F.2d 1220, 1222 (9th Cir.1980). While this may have had no practical effect over the district court's review of the order, this court's jurisdiction can only be based on a proper exercise of jurisdiction by the court below. Id. We, therefore, are without jurisdiction over those appellants' appeals on these issues.
 
 
 8
 The appeals of Donahue & Donahue, No. 85-1105 and Allen H. Roffman, No. 85-1152, are dismissed for lack of jurisdiction. The order of the district court as to these two appellants is hereby vacated and the case is remanded so that said court may dismiss their appeals from the bankruptcy court. The appeal of Richard Drury, No. 85-1106, is dismissed without prejudice because the district court's order was not final.
 
 
 
 [1]
 Creditors Drury and Donahue & Donahue joined the motion some time later
 
 
 [2]
 Appellants argue that under the doctrine of Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), reference back to the bankruptcy court would constitute an unconstitutional delegation of power to a non-article III judge
 
 
 [3]
 Prior to the filing of the bankruptcy petition, the property of both the debtor and his wife was placed in state court receivership. Appellants argue that Mrs. Abdallah does not have standing to object to the sale, especially since the state court receiver has given his consent