**In re Carl Kenneth JACKSON, Debtor.**

**Juanita CATLETT, Plaintiff,**

v.

**Carl Kenneth JACKSON, Defendant.**

**Bankruptcy No. 48200257.
Adv. No. 4820048.**

United States Bankruptcy Court,
W.D. Kentucky.

Feb. 20, 1986.

Patricia A. Lewis, Elizabethtown, Ky., for plaintiff.

Thomas E. Cooper, Elizabethtown, Ky., for defendant.

Rhonda Taylor, Owensboro, Ky., trustee.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

The extent of divorce-related bankruptcy litigation between this debtor and his former spouse surpasses any we have seen.[1] Today we consider the debtor's "motion to amend, vacate, set aside [our order of September 30, 1985] and grant new trial". While most motions for reconsideration are dealt with in summary fashion, this one raises several issues which should be addressed in more detail.

\*   \*   \*   \*   \*   \*

In June, 1982, the debtor's former spouse was awarded a lump-sum judgment of $7,142.20, for maintenance arrearages, property payments, attorney's fees and interest.[2] Two weeks later the debtor filed for bankruptcy relief. During the course of the debtor's bankruptcy we ruled (1) that the debtor's $300 monthly payments to his former spouse were in the nature of alimony, maintenance and support and therefore nondischargeable[3] under the provisions of 11 U.S.C. § 523(a)(5),[4] and (2) to lift the Section 362 automatic stay to allow the state court to apportion the $7,142.20 award between its various component parts.

Some three years after the post-divorce judgment, the state court apportioned the $7,142.20 award,[5] and a hearing was held before this court to determine the dischargeability of this post-divorce award. After considering the evidence we ruled:

That FOUR THOUSAND DOLLARS ($4,000.00) of the SEVEN THOUSAND ONE HUNDRED FORTY TWO DOLLARS AND TWENTY CENTS ($7,142.20) Judgment rendered by the Hardin Circuit Court on June 15, 1982 is adjudged as maintenance and is nondischargeable. TWO THOUSAND DOLLARS ($2,000.00) of said Judgment is adjudged property and is dischargeable. ONE THOUSAND DOLLARS ($1,000.00) of the Judgment is adjudged attorney's fees, two thirds (⅔) of which is nondischargeable and one third (⅓) of which is dischargeable. ONE HUNDRED FORTY TWO DOLLARS AND TWENTY CENTS ($142.20) is adjudged interest, two thirds (⅔) of which is nondischargeable and one third (⅓) of which is dischargeable.[6]

It is our determination that the $4,000 maintenance and support arrearage and the related interest and attorney fees are nondischargeable, to which the debtor now objects.

\*   \*   \*   \*   \*   \*

---

1. For a discussion of the long judicial history of this controversy *see In re Jackson*, 27 B.R. 892 (Bkrtcy.W.D.Ky.1983); *In re Jackson*, 48 B.R. 616 (Bkrtcy.W.D.Ky.1985).

2. *Carl K. Jackson v. Juanita Catlett*, Civil Action No. 79–CI–22 Hardin Circuit Court, (Judgment entered June 15, 1982). This judgment did not apportion the award between the property division, maintenance arrearages, attorney's fees and interest.

3. *In re Jackson*, 48 B.R. at 616.

4. *See Long v. Calhoun*, 715 F.2d 1103 (6th Cir. 1983).

5. *Carl K. Jackson v. Juanita Jackson*, Civil Action No. 79–CI–22 Hardin Circuit Court, (Findings of Fact and Conclusions of Law rendered September 1, 1983).

6. *In re Jackson*, Case No. 4–82–00257, A.P. No. 4–82–0048 (September 30, 1985).

■ After considering the debtor's motion for reconsideration, his memorandum in support of that motion and the evidence supporting our original decision, we reach the predictable conclusion that the rulings in our original order are correct and that the debtor's motion must be overruled. The $4,000 we found to be nondischargeable resulted from a debtor's arrearage in support payments that this court previously held nondischargeable.[7] The fact that these nondischargeable support payments were reduced to a lump sum award does not change their character.[8]

■ The debtor also argues that we incorrectly held that two thirds of the state court's award of $1,142.20 in attorney's fees and interest was nondischargeable. This contention is without merit. Under an established line of case law, the dischargeability of ancillary obligations such as attorney's fees and interest turn on the dischargeability of the underlying obligation to which they are connected.[9] Since two-thirds of the underlying $6,000 debt in this case was a nondischargeable maintenance arrearage, then two-thirds of the attorney's fees and interest also must be nondischargeable, as our original order provides.[10]

■ Finally, in his motion for "reconsideration", counsel for the debtor argues that this court improperly refused to take evidence on the issues of whether (1) the $300.00 per month obligation of the debtor was in the nature of maintenance and (2) whether the debtor's former spouse's garnishment of the debtor's post-petition wages constituted a violation of the automatic stay. These issues, however were previously decided in an opinion issued by this court on April 23, 1985[11] which the debtor failed in a timely manner to either appeal, or move to have reconsidered.[12] The ten-day mandate of Bankruptcy Rule 8002 is to be strictly construed, and failure to file a timely notice of appeal deprives a District Court of jurisdiction to review the Bankruptcy Court's judgment.[13] By the same logic, this court is also prevented from reconsidering these issues at this late date. Our rulings in the April 23, 1985 judgment are final and, due to the debtor's inaction, now unappealable.

An order reflecting these findings will be entered today.

---

7. *In re Jackson,* 48 B.R. at 617.

8. While *Calhoun* states that "the dischargeability of [unpaid support arrearages] requires an analysis distinct from consideration of whether the continuing obligation ... may be discharged" we see no reason why this arrearage of nondischargeable support should be held dischargeable. *At the time of the original complaint* we held that the $300 payments by the debtor to his wife were in the nature of alimony maintenance and support and therefore nondischargeable under 11 U.S.C. § 523(a)(5). Since our determination of the dischargeability of the arrearages was only delayed pending the Hardin Circuit Court's apportionment of the judgment amount between maintenance and property settlement, the factors which we must consider in determining the dischargeability of this arrearage are the same ones in this case which we examined when we determined the dischargeability of the debtor's continuing obligation.

9. *In re Hunter,* 771 F.2d 1126 (8th Cir.1985); *DuPhily v. DuPhily,* 52 B.R. 971 (D.Del.1985); *In re Meadows,* 39 B.R. 538 (Bkrtcy.W.D.Ky.1984); *In re Sposa,* 31 B.R. 307 (Bkrtcy.E.D.Va.1983).

10. *See Carl K. Jackson v. Juanita Jackson, supra* note 6. ("the court finds that $2,000 constitutes the property settlement awarded in the original decree; that $1,000 constitutes the attorney fee awarded in the original decree; and that $4,000 is an arrearage of maintenance as of February 19, 1980".) The Hardin Circuit Court did not apportion the remaining $142.20.

11. *In re Jackson,* 48 B.R. at 616.

12. Bankruptcy Rule 8002(a) states: "The notice of appeal *shall* be filed with the clerk of the bankruptcy court within 10 days of the bankruptcy court *within 10 days of the date of the entry of the judgment, order or decree appealed from* " (emphasis added).

Our final order of April 23, 1985 overruling the debtor's motion for contempt and ruling the debtor's $300 per month obligation nondischargeable, was not appealed until May 5, 1985, 13 days after the entry of the judgment.

13. *In re Universal Minerals,* 755 F.2d 309 (3rd Cir.1985); *In re LBL Sports Center, Inc.,* 684 F.2d 410 (6th Cir.1982); *Matter of Robinson,* 640 F.2d 737 (5th Cir.1981); *Matter of Ramsey,* 612 F.2d 1220 (9th Cir.1980).