**In re Ronald ALBERS, et al., Debtors.**

**Quentin M. DERRYBERRY, II, Trustee, Plaintiff,**

v.

**Carl ALBERS, Defendant.**

**No. C 86–7421.**

United States District Court, N.D. Ohio, W.D.

July 14, 1986.

OPINION AND ORDER

JOHN W. POTTER, District Judge:

This cause came on for file review. Defendant-appellant Carl Albers seeks to appeal the order and judgment of the bankruptcy court entered in favor of plaintiff-appellee Quentin M. Derryberry, II, Trustee in Adversary Proceeding Case No. 84–0218 (Related Case No. 84–00828).

The Court has thoroughly reviewed the respective docket records of Adversary Proceeding Case No. 84–0218 and of this action. On April 16, 1986 and April 17, 1986, the bankruptcy court entered respectively the memorandum opinion and order, 60 B.R. 206, and the judgment for which defendant-appellant seeks appellate review of this Court. On April 29, 1986, defendant-appellant filed both his notice of appeal and a motion for leave to proceed on appeal in forma pauperis. On April 30, 1986,

plaintiff-appellant filed, *inter alia*, a motion for stay of order pending appeal.

Bankruptcy rule 8002(a), in pertinent part, provides:

> The notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of the entry of the judgment, order, or decree appealed from.

The rule to be applied in computing the 10–day period for filing a notice of appeal provided by Bankr.R. 8002(a), is stated at Bankr.R. 9006(a). Applying the aforesaid rules, the Court finds that for plaintiff-appellant's subject notice of appeal to be timely filed, the same had to be filed no later than April 28, 1986. Therefore, plaintiff-appellant's aforesaid notice of appeal having been filed on April 29, 1986, the Court finds the same to be untimely. The Court further finds that the subject 10–day notice of appeal filing period was neither tolled by the timely filing with the bankruptcy court of a motion pursuant to Bankr.R. 8002(b) nor extended pursuant to Bankr.R. 8002(c).

It is well established that the timely filing of a notice of appeal is jurisdictional. See, e.g., *Walker v. Bank of Cadiz (In re LBL Sports Center, Inc.)*, 684 F.2d 410, 412 (6th Cir.1982). In other words, the untimely notice of appeal from an order, judgment, or decree of a bankruptcy court deprives the district court of jurisdiction to review same. *Id.; Ramsey v. Ramsey (In re Matter of Lloyd E. Ramsey)*, 612 F.2d 1220, 1222 (9th Cir.1980). Accordingly, "the judgment of the bankruptcy court [for which Albers seeks appellate review] became final and unappealable before ... [his] attempted appeal" on April 29, 1986. *Walker v. Bank of Cadiz (In re LBL Sports Center, Inc.)*, 684 F.2d at 412.

■ The ten-day period for filing a notice of appeal from an order or judgment of the bankruptcy court is to be strictly construed and compulsorily applied. *In re H. Daroff & Sons, Inc.*, 10 B.R. 485, 486 (E.D. Pa.1981), *citing, Matter of Estate of Butler's Tire & Battery Co., Inc.*, 592 F.2d 1028 (9th Cir.1979). See also *Ramsey v.*

*Ramsey (In the Matter of Lloyd E. Ramsey)*, 612 F.2d at 1222. The Court concludes that as a matter of law it is without jurisdiction to review the April 16, 1986 memorandum opinion and order and the April 17, 1986 judgment entered by the bankruptcy court below.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that this case be, and it hereby is, DISMISSED.