**In re Charles F. SANDERS, Jr., and Sally Sanders, d/b/a Valley Creek Ranch, Debtors.**

**No. CV 85–33–M–CCL.**
**Bankruptcy No. 283–00025.**

United States District Court,
D. Montana,
Missoula Division.

April 16, 1986.

Terry A. Wallace, Missoula, Mont., for plaintiff.

Dan G. Cederberg, Knight & Maclay, Missoula, Mont., for defendant.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

Debtors appeal an order of the United States Bankruptcy Court granting the motion of secured creditor Western Montana Production Credit Association (PCA) for interim relief pending the outcome of Debtors' objections to the PCA's Proof of Claim.

## BACKGROUND

Debtors operate a farm near Ravalli, Montana. In February, 1983, they filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101, et seq. The PCA filed a Proof of Claim with the Bankruptcy Court and thereafter filed an Amended Proof of Claim. Debtors had borrowed in excess of $156,000.00 from the PCA in 1980, in return for which the PCA took a security interest in a ten-acre parcel of land, crops, livestock, equipment, machinery, inventory and after-acquired chattels.

Following the filing of the PCA's first proof of claim, Debtors filed a Response and Counterpetition, containing allegations of misrepresentation, fraud, and unfair trade practices against the PCA. The PCA moved to dismiss the counterpetition or, in the alternative, for a hearing on the counterpetition and for interim relief.

On October 4, 1984, a hearing was held in the matter of the confirmation of the reorganization plan submitted by the Debtors. At that time, the Bankruptcy Court denied a motion by Debtors for jury trial, and held that Debtors' counterpetition would be treated as an objection to the claim submitted by the PCA. The court heard PCA's arguments on the motion for interim relief and ordered that Debtors would have ten days to respond if they desired. These orders announced from the bench were incorporated into a written order dated October 9, 1984.

On October 15, 1984, eleven days after the hearing, the Bankruptcy Court entered an order continuing the hearing on the confirmation of Debtors' reorganization plan pending a decision on their objection to the claim of PCA. The court further granted the PCA's motion for adequate protection in the interim, and ordered Debtors to make monthly payments to the PCA in the amount of $897.03. This figure was reached by multiplying the liquidation value of the collateral, which the court fixed at $96,110.00, by the current market interest rate of 11.2% per annum, and dividing by twelve to determine a monthly amount.

Debtors filed a notice of appeal from this order on October 29, 1984.

## ISSUES RAISED

Debtors claim that the Bankruptcy Court erred in ordering them to make interim payments to the PCA for adequate protection of its security interest. The PCA claims that the appeal should be dismissed for lack of jurisdiction and that, at any rate, the Bankruptcy Court's order was procedurally and substantively proper.

## DISCUSSION

United States district courts have discretionary jurisdiction to hear appeals from interlocutory orders and decrees of bankruptcy courts. 28 U.S.C. § 158(a), Bankr. Rule 8001(b). Under Rule 8002(a) of the Bankruptcy Rules, a notice of appeal must be filed with the clerk of the bankruptcy court within ten days of the date of entry of the judgment, order or decree from which appeal is taken. The bankruptcy court may extend the time for filing the notice of appeal upon motion of the appealing party. Bankr. Rule 8002(c).

The PCA asserts that since the Debtors' notice of appeal was not filed until October 29, 1984, some 14 days after entry of the Bankruptcy Court's order, the appeal is barred. In response, Debtors cite Bankruptcy Rule 9006(f), which allows three days additional time after service by mail. Debtors claim that because the order was served upon them by mail an additional three days must be added to their appeal time. Thus, Debtors argue that the notice of appeal was not due until October 28, which was a Sunday, and that the notice filed on October 29 was therefore timely.

■ An untimely notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's order or judgment. *Matter of Ramsey*, 612 F.2d 1220 (9th Cir.1980). The Court of Appeals for the Ninth Circuit has "strictly construed and compulsorily applied the ten-day requirement." *Id.*, at 1222; *Matter of Butler's Tire and Battery Co., Inc.*, 592 F.2d 1028 (9th Cir.1979); *Matter of Best Distribution Co.*, 576 F.2d 1360 (9th Cir.1978); *In re Great Western Ranches, Inc.*, 511 F.2d 1021 (9th Cir.1975); *In re Benefiel*, 500 F.2d 1219 (9th Cir.1974). The court in *Ramsey* declined to extend the mailbox rule to notices of appeal (which would render the notice "filed" on the date of mailing), "in view of this court's strict construction and the jurisdictional nature of the ten-day requirement". *Ramsey, supra.*, 612 F.2d at 1223. *See also, In re LBL Sports Center, Inc.*, 684 F.2d 410, 413 (6th Cir.1982) (holding that the filing date, not

the mailing date, determines whether an appeal is timely filed).

*Ramsey* and the other cases cited above were decided under the former Bankruptcy Rules. The present Rules, which became effective August 1, 1983, made no substantive changes in Rule 8002(a) (formerly Rule 802(a)), but added Rule 9006(f) containing the "mailbox rule." In view of this amendment, the Court must examine the issue of whether Rule 9006(f) nullifies *Ramsey* and *LBL Sports Center.*

Bankruptcy Rules 8002(a) and 9006(f) were patterned after Federal Rule of Appellate Procedure 4(a) and Federal Rule of Civil Procedure 6(e), respectively. *See* Advisory Committee Notes to Bankruptcy Rules 8002 and 9006. Under Rule 4(a), Fed.R.App.P., the requirements for timely notice of appeal are mandatory and jurisdictional. *Bordallo v. Reyes,* 763 F.2d 1098 (9th Cir.1985). Where there is no finding of excusable neglect for a late filing of the notice, it is an abuse of discretion for a district court to grant an extension of time. *Sprout v. Farmers Ins. Exchange,* 681 F.2d 587 (9th Cir.1982). The Ninth Circuit applies a strict standard for determining excusable neglect under Rule 4(a), and allows such a finding only in "extraordinary" cases where injustice would otherwise result. *State of Oregon v. Champion International Corp.,* 680 F.2d 1300 (9th Cir. 1982). For example, the court upheld a finding of no excusable neglect where counsel inadvertently addressed the notice of appeal to state court and the notice thus arrived in federal district court one day late; the appeal was dismissed as untimely. *Id.*

It is widely recognized that the 30–day appeal period under Fed.R.App.P., 4(a) is not affected by Fed.R.Civ.P. 6(e) or Fed.R. App.P. 26(c) (also allowing three days' mailing time), thus allowing no enlargement of time for filing a notice of appeal. *Lashley v. Ford Motor Co.,* 518 F.2d 749 (5th Cir. 1975); *Haney v. Mizell Memorial Hosp.,* 744 F.2d 1467 (11th Cir.1984); *Willis v. Newsome,* 747 F.2d 605 (5th Cir.1984); *Sofarelli Assoc. Inc. v. United States,* 716 F.2d 1395 (Fed.Cir.1983); *Savage v. Cache Valley Dairy Assn.,* 737 F.2d 887 (10th Cir.1984); *Pryor v. Marshall,* 711 F.2d 63 (6th Cir.1983).

■ Under the new Bankruptcy Rules, courts strictly construe the ten-day filing requirement of Rule 8002(a), holding it to be jurisdictional in effect. *In re Universal Minerals, Inc.,* 755 F.2d 309 (3rd Cir.1985) (citing three Ninth Circuit cases decided under former Bankruptcy Rules); *In re Abdallah,* 778 F.2d 75, 77 (1st Cir.1985) (citing *Matter of Ramsey, supra.*). At least one court has specifically rejected the mailbox rule in the context of notices of appeal filed in bankruptcy court under the new rules. *In re Ozark Restaurant Eqpt. Co., Inc.,* 761 F.2d 481 (8th Cir.1985). In *Ozark,* the Court noted that the time for appeal starts to run from the entry of the order, not from service of the order or notice of its entry, and thus that the appellants were not excused from late filing on the ground that they calculated the time for appeal from the date they received the bankruptcy court's order. *Id.,* 761 F.2d at 482 n. 1. The court further noted that the weight of authority rejects the mailbox rule for notices of appeal and held that the filing date, not the mailing date, determines whether an appeal is timely filed. *Id.*

■ In this case, Debtors allegedly mailed the notice of appeal to the clerk of the Bankruptcy Court within the ten-day period. The notice was not received or filed, however, until the time within which to appeal had expired. Under the settled precedent within the Ninth Circuit and the substantial weight of authority in other circuits, it is the holding of this Court that the three-day extension period set forth in Bankruptcy Rule 9006(f) is inapplicable to the appeal period prescribed in Rule 8002(a). There must be certainty in the law where jurisdiction is concerned.

Having so held, the Court is without jurisdiction to consider the merits of the appeal.

Therefore, IT IS ORDERED that the Debtors' appeal is DISMISSED for lack of jurisdiction as untimely filed, and the cause is remanded to the Bankruptcy Court for further proceedings.