United States Court of Appeals,

Fifth Circuit.

No. 92-7643

Summary Calendar.

In the Matter of Darrell ARBUCKLE, et al., Debtors.

Darrell ARBUCKLE and Linda Arbuckle, Appellants,

v.

FIRST NATIONAL BANK OF OXFORD and Stephen P. Livingston, Trustee, etc., Appellees.

April 13, 1993.

Appeal from the United States District Court for the Northern District of Mississippi.

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:

Darrell and Linda Arbuckle, debtors in a Chapter 7 bankruptcy proceeding, appeal the district court's dismissal of their appeal from an order of the bankruptcy court. Agreeing that the district court lacked jurisdiction to hear the appeal, we affirm.

Debtors filed a state court action against the First National Bank of Oxford on April 18, 1985. The suit alleged that FNB committed actionable wrongs during its involvement with Debtors' application for a SBA loan. Debtors claimed that they were damaged by their failure to receive that loan or one from FNB.

On October 10, 1986, Debtors voluntarily filed a Chapter 7 bankruptcy petition. The pending cause of action against FNB was not listed on their schedule of assets; FNB was listed among their creditors. Debtors allege that the trustee was made aware of the lawsuit. No effort was made to remove the lawsuit to the bankruptcy court. The bankruptcy proceeding was closed on March 6, 1987, without having dealt with Debtors' cause of action.

On the same day, a new counsel for Debtors filed an entry of appearance in the state court action. Thereafter Debtors amended their complaint against FNB and sought to recommence discovery. The state court denied FNB's motion to dismiss in January 1990. FNB responded on

August 6, 1990, by moving to reopen Debtors' bankruptcy proceeding. FNB, a creditor in that proceeding, claimed that the cause of action filed by Debtors was an unadministered asset of the bankruptcy estate. The bankruptcy court reopened the proceeding and reappointed the trustee.

FNB then negotiated with the trustee to settle the state court action. On August 7, 1991, the trustee applied to the bankruptcy court to accept FNB's settlement offer.[1] Concluding that the lawsuit had little chance of success, the bankruptcy court found the settlement in the best interest of the estate and granted the application.

Debtors attempted to appeal the Order granting the trustee's application to settle. The Order was entered on February 28, 1992.[2] Debtors' counsel was not present when the Order was entered and claims to have learned of it upon its arrival by mail on March 6, 1992. Counsel mailed Debtors' notice of appeal via "overnight mail" on the following day, a Saturday, nine days after the entry of the Order. The bankruptcy clerk filed the notice of appeal on March 10, 1992—eleven days after the entry of the Order.

Debtors' counsel assumed that the notice of appeal arrived and was timely filed by the clerk of the bankruptcy court on March 9, 1992. Counsel did nothing else to perfect Debtors' appeal. Counsel claims that she first learned of the late filing when she received a copy of FNB's motion to dismiss the appeal on April 9, 1992. By then, the period in which to seek an extension of the deadline for filing a notice of appeal had expired on March 29, 1992.[3] The district court granted FNB's motion to dismiss the appeal. Debtors appeal that dismissal.

The district court correctly held that it lacked appellate jurisdiction. The time for filing a notice of appeal from the bankruptcy court to the district court is governed by Bankruptcy Rule 8002(a). "The notice of appeal shall be *filed* with the clerk of the bankruptcy court within 10 days of the date of the *entry* of the judgment, order, or decree appealed from." *Id.* (emphasis added). The

---

[1]FNB offered to provide $20,000 in cash, forgive a $6,000 claim against the estate, and subordinate its claims to those of other creditors.

[2]February had 29 days in 1992, a leap year.

[3]See Bankruptcy Rule 8002(c).

allegation that Debtors did not receive actual notice of the entry of the Order until three days prior to the end of the appeal period is irrelevant. The period begins to run from the date of the Order's entry, not from the date of its service. *Id.*

Nor can Debtors rely upon the fact that counsel mailed the notice of appeal before the deadline. "[A] notice of appeal is filed as of the date it is actually received [by the court], not as of the date it is mailed." *Matter of Robinson,* 640 F.2d 737, 738 (5th Cir.1981), citing *Matter of Bad Bubba Racing Prods., Inc.,* 609 F.2d 815 (1980).[4] The clerk did not receive and file Debtors' notice until the eleventh day.

Debtors challenge the dismissal by asserting that the appropriate filing period was thirteen days, rather than ten. They rely upon Rule 9006(f), which states:

> When there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or other paper is served by mail, three days shall be added to the prescribed period.

Debtors argue that because they received notice of the Order by mail, three days should be added to the period in which to file a notice of appeal. Moreover, Debtors note, no equivalent to Rule 9006(f) was in force at the time of our decisions in *Robinson* and *Bad Bubba.*

By its terms, Rule 9006(f) applies when a time period begins to run after service. The ten day period of Rule 8002(a) begins to run upon the entry of the order, not its service. "Since the appeal time starts from the entry of the judgment and not from the service of the notice, the time for appeal is not enlarged by any service by mail." 9 *Collier on Bankruptcy* ¶ 9006.10 (1992). As here, the appellants in *In re Sanders,* 59 B.R. 414 (D.Mont.1986), argued that "because the order was served upon them by mail an additional three days must be added to their appeal time." *Id.* at 415. The court noted the strict construction given to jurisdictional rules and the treatment of the corresponding civil rules, Fed.R.Civ.P. 6(e) and Fed.R.App.P. 4(a).[5] It held that Rule 9006(f) "is

---

[4] Rule 8002(a) does not differ in substance from former Rule 802(a), which read "The notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from."

[5] Fed.R.App.P. 4(a)'s thirty day period for filing a notice of appeal may not be extended by Fed.R.Civ.P. 6(e). *Lashley v. Ford Motor Co.,* 518 F.2d 749, 750 (5th Cir.1975) (per curiam).

inapplicable to the appeal period prescribed in Rule 8002(a)." *Id.* at 416.  We agree.

The district court lacked jurisdiction of an appeal because Debtors notice of appeal was not timely filed.  *Robinson,* 640 F.2d at 738.  Having properly dismissed Debtors' appeal from the bankruptcy court, no other matter remained before the district court for decision.  Debtors urge that the bankruptcy court lacked subject matter jurisdiction to issue its Order granting the trustee's application to settle the state court litigation on behalf of the estate.  The district court did not reach this issue and neither do we.  "If the district court did not have jurisdiction to review the merits, then this court does not have jurisdiction to consider the merits on appeal." *In re Ramsey,* 612 F.2d 1220, 1222 (9th Cir.1980).

AFFIRMED.