**In re B.J. McADAMS, INC., Debtor.**

**CONSTELLATION DEVELOPMENT CORP., Appellant,**

v.

**James F. DOWDEN, Successor Trustee; Richard L. Smith, Trustee; United States ex rel. Internal Revenue Service, Appellees.**

No. 92–1977.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1993.

Decided July 21, 1993.

Rehearing Denied Aug. 27, 1993.

James J. Hanton, St. Paul, MN, argued (Thomas J. Pendowski, North Little Rock, AK, on the brief), for appellant.

James F. Dowden, pro se.

Janice B. Geier, Dept. of Justice, Washington, DC, argued (Gary R. Allen and Gary D. Gray, on the brief), for appellee U.S.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

This appeal arises from a district court's dismissal, based on lack of jurisdiction, of an appeal from two adversary proceedings in bankruptcy. We reverse and remand with

regard to AP 90–4189 and affirm with regard to AP 90–4207.

The trustee in the involuntary bankruptcy of B. J. McAdams, Inc., filed adversary proceedings to determine the nature, extent, and validity of any liens asserted by Constellation Development Corporation, Inc., (CDC) and the Internal Revenue Service (IRS) in proceeds from the sale of a 1977 lear jet and in certain personal property located on the debtor's premises. The bankruptcy court designated the proceeding related to the lear jet AP 90–4189, and that for the personal property, AP 90–4207. The bankruptcy court ordered consolidation for purposes of trial.

The memorandum and order on AP 90–4207, rendered by Judge William A. Hill, U.S. bankruptcy judge for the District of North Dakota sitting by designation, was docketed and entered on June 14, 1991. CDC filed a motion for extension of time to file notice of appeal and motions under Bankruptcy Rules 7052(b) and 9023, on June 24, 1991. The motion's caption included both adversary proceeding numbers. Judge Hill's memorandum and order on the second proceeding, AP 90–4189, was dated June 26, 1991, and judgment on that matter was entered and docketed on July 3, 1991. On June 27, 1991, Judge Fussell of the U.S. Bankruptcy Court, Eastern District of Arkansas, conducted a hearing on CDC's motion for extension of time. He extended to July 15, 1991, the time to file the notices of appeal on both adversary proceedings.

On June 27, 1991, CDC filed a motion to make additional findings of fact and to amend judgment pursuant to Bankruptcy Rule 7052. The motion bore both adversary proceeding numbers. Then, on July 29, 1991, the bankruptcy court entered its order denying both motions. That court stated that CDC's motions appeared not to have been timely filed but that it overlooked that procedural infirmity because it would nevertheless refuse to review the case. On August 6, 1991, CDC filed a notice of appeal, seeking review of both the June 14, 1991, and July 3, 1991, bankruptcy court orders related to AP 90–4207 and AP 90–4189 respectively. The trustee moved to dismiss the appeal (on July

29, 1991, the cases had been re-consolidated for appeal), claiming that the notice of appeal had been untimely filed. Concluding that it was without jurisdiction, the district court granted the trustee's motion. The court observed that CDC's motion to amend the June 14, 1991, order on AP 90–4207 was filed on June 27, 1991, more than ten days after the entry of the order. As to AP 90–4189, the district court noted that the July 16, 1991, motion to amend or for additional findings as to the July 3, 1991 order, was also outside the ten-day period. The district court denied CDC's motion for reconsideration, and CDC appeals.

**I.**

■ We first consider the district court's jurisdiction over AP 90–4189. CDC's motion to make additional findings of fact and to amend judgment, bearing both adversary proceeding numbers in its caption, was filed June 27, 1991, pursuant to Bankruptcy Rule 7052. CDC's motion was filed, however, before the memorandum and order or judgment for AP 90–4189 had been entered or docketed. The district court therefore concluded that it was without jurisdiction because the motion to amend and for additional findings of fact was not timely with regard to AP 90–4189. We disagree.

Several cases have deemed timely motions that follow memoranda and orders or opinions, but that pre-date entry of judgment. *See Hilst v. Bowen,* 874 F.2d 725 (10th Cir. 1989) (allowing motion for reconsideration, filed after memorandum and order was filed but before judgment was entered); *Greater Houston Chapter of the American Civil Liberties Union v. Eckels,* 755 F.2d 426 (5th Cir.) (allowing motion for new trial after court filed findings of fact, conclusions of law, but before entry of judgment), *cert. denied,* 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985); *Contempo Metal Furniture Co. v. East Texas Motor Freight Lines, Inc.,* 661 F.2d 761, 764 n. 1 (9th Cir.1981) (allowing motion for new trial after court orally entered its opinion, but before entry of judgment); *cf.* Bankruptcy Rule 8002(a) (1991 amendment) (notice of appeal filed after the announcement of a decision or order but

before entry of judgment, order, or decree is treated as filed after such entry). This case is similar in that the parties knew the nature of the court's decision in AP 90–4189 at the time of the relevant filing.

CDC filed the motion at 5:15 pm on June 27, 1991. At 10:45 am that same day, Judge Fussell, in a hearing on the June 24, 1991, motion for extension of time, had effectively provided notice of the outcome of AP 90–4189. He stated that he did not yet have jurisdiction to consider the motion with regard to AP 90–4189, but that he had seen the memorandum and order in AP 90–4189, prepared by Judge Hill, and that he expected it to be filed shortly. He never explicitly stated that the ruling went against CDC, but he certainly implied it, stating, "I wanted to advise the parties because we may have this same motion again and I don't want to incur any further expenses or time ... and I really would like to discuss [AP 90–4189] if we could today." The trustee's attorney, representing that the absent IRS attorney would agree with anything he said, responded, "We have no objection also to considering any motions that might be filed in the companion AP [90–4189] in connection with [this] hearing." Later, having granted the requested extension in AP 90–4127 (discussed further below), Judge Fussell came back to AP 90–4189, stating, "[t]here isn't any question that, you know, all the issues or all of it [90–4189 and 90–4207] should go up at one time and the briefs on—they're going to have very—the same issues, I assume, basically in both of them." He concluded with, "That ought to be plenty of time if I give you to July 15th to file notice of appeals in both cases." From these comments, the parties could only conclude that the memorandum and order in AP 90–4189, to which Judge Fussell was privy by virtue of having seen Judge Hill's memorandum, would go against CDC. The parties could further conclude, based on Judge Fussell's comments regarding the similarity—even identity—of issues in the two proceedings, that the reason CDC lost in AP 90–4207 was also the reason CDC lost in AP 90–4189. These assumptions were proved true when Judge Hill's memorandum and order in AP 90–4189 was entered and docketed on July 3, 1991. That document incorporated by refer-

ence the "reasoning" of the memorandum and order in AP 90–4207.

Consistent with the principle that if all parties have notice of a court's decision, an appeal from or motion regarding the decision is timely even if it precedes entry of the judgment, we hold that the June 27, 1991, motion to make additional findings of fact and to amend judgment was timely with regard to AP 90–4189. This timely motion tolled the time for appeal, pursuant to Bankruptcy Rule 8002(b), until the order denying the motion was entered on July 29, 1991. The August 6, 1991, notice of appeal, filed within ten days of that order, was therefore timely with regard to AP 90–4189.

## II.

We next consider the timeliness of filings in AP 90–4207. In the motion hearing just discussed, Judge Fussell ruled that the time to file notice of appeal in both adversary proceedings was extended until July 15, 1991. This ruling was proper under Bankruptcy Rule 8002(c), which stipulates the circumstances under which time to file notice of appeal may be extended. Thus, a notice of appeal filed on or before July 15, 1991, would have been timely. But CDC did not file its notice of appeal until August 6, 1991, apparently assuming that its motion for extension of time to file its Rule 7052 and 9023 motions had also been granted and therefore that its June 27, 1991, motions would toll the time for filing an appeal. See Fed.R.Bankr.P. 8002(b).

■ In the June 27, 1991, hearing, Judge Fussell expressly recognized CDC's June 24, 1991, motion as one for "an extension of time to file notice of appeal and motions under Bankruptcy Rule 7052(b) and 9023", but he never actually ruled regarding an extension on time to file the motions. All of his comments were related specifically to the time to file notice of appeal, and he even alluded to the rule by which he was empowered to grant the extension. Whether or not Judge Fussell intended also to extend the time to file motions is irrelevant because he had no power to do so. Bankruptcy rules 7052 and 9023, with certain exceptions not relevant

here, incorporate Federal Rules of Civil Procedure 52 and 59, respectively. Those rules give parties ten days from entry of judgment to file motions to amend findings or to make additional findings (Fed.R.Civ.P. 52(b)) or motions to alter or amend the judgment (Fed.R.Civ.P. 59(b), (e)). Bankruptcy Rule 9006 applies to both rules, providing that "The court may not enlarge the time for taking action under Rules ... 7052, 9023, and 9024." Fed.R.Bankr.P. 9006(b)(2) (1989).

 Because CDC's motions were filed late, the time for filing an appeal was not tolled as it otherwise would have been under Bankruptcy Rule 8002(b). *See Seshachalam v. Creighton University School of Medicine*, 545 F.2d 1147 (8th Cir.), *cert. denied*, 433 U.S. 909, 97 S.Ct. 2974, 53 L.Ed.2d 1093 (1976). Given CDC's failure to meet the court-extended deadline (July 15, 1991) for filing the notice of appeal, the district court properly dismissed AP 90–4207 for lack of jurisdiction.

CDC's final argument for saving the appeal of AP 90–4207 is based on Bankruptcy Rules 9022 and 9006(f). Rule 9022 provides in relevant part that, "[i]mmediately on the entry of a judgment or order the clerk shall serve a notice of the entry by mail ... on the contesting parties...." Fed.R.Bankr.P. 9022. Bankruptcy Rule 9006(f) provides that "[w]hen there is a ... requirement to do some act ... within a prescribed period after service of a notice or other paper and the notice or paper ... is served by mail, three days shall be added to the prescribed period." Based on these provisions CDC argues that, in order to compensate for the mailing of notice, it had 13 days from entry of the judgment (rather than the usual ten) to file motions or a notice of appeal. Accordingly, CDC contends, the motion filed on June 27, 1991, was timely with regard to the June 14, 1991, order in AP 90–4207.

 This argument fails because Rule 9006(f), by its very language, applies only in instances when the prescribed period runs from service of a notice. Here, the time to file the motions or notice of appeal runs from the entry of judgment, not from service of notice of the judgment. *See* Fed.R.Bankr.P.

7052, 9023, 8002(a); *see also Goff v. Pfau*, 418 F.2d 649, 654 (8th Cir.1969) (disallowing three-day extension to ten-day period, running from entry of order, for filing petition for review under Section 39(c) of the Bankruptcy Act); 9 *Collier on Bankruptcy* ¶ 9006.10 (15th ed. 1987). CDC's argument also ignores the latter part of Bankruptcy Rule 9022, providing that "[l]ack of notice of the entry [of judgment] does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed". Thus, even if CDC never received the mailed notice under the rule, the time to appeal would not be altered. To say, then, that CDC should have three additional days to respond because it received notice of judgment by mail is illogical.

Because the Rule 7052 motion was not filed within ten days of the June 14, 1991, entry of judgment in AP 90–4207, and because the notice of appeal was not filed before the court-granted deadline, the appeal is not timely. We therefore affirm the district court's dismissal of AP 90–4207.

### III.

For the foregoing reasons, we reverse and remand AP 90–4189 to the district court, and affirm the district court's dismissal of AP 90–4207.