**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WALTER MARLIN BROWN,

      Appellant,

v.

WILLIAM J. ZAREK; COPPOLA
SANDRE & MCCONVILLE, P.C.;
RICHARD O. MCCONVILLE,

      Appellees.

No. 98-5097
(D.C. No. 98-CV-98-H)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **BALDOCK**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Walter Marlin Brown seeks review of an order of the district court dismissing his appeal from an order of the bankruptcy court which dismissed his Chapter 12 proceeding. We have jurisdiction under 28 U.S.C. §§ 1291 and 158(d), and we affirm. We review the district court's dismissal for lack of jurisdiction de novo. See Weston v. Mann (In re Weston), 18 F.3d 860, 862 (10th Cir. 1994).

The operative dates are not in dispute. The bankruptcy court dismissed plaintiff's case on December 18, 1997. The notice of appeal was filed thirteen days later, on December 31, 1997. "Bankruptcy Rule 8002(a) provides that a notice of appeal must be filed within ten days of the bankruptcy court's entry of judgment." Deyhimy v. Rupp (In re Herwit), 970 F.2d 709, 710 (10th Cir. 1992). Intermediate Saturdays, Sundays and legal holidays are not excluded from the ten-day period under Fed. R. Bankr. P. 9006(a). Id. at n.3.

The tenth day after the bankruptcy court entered its order of dismissal, December 28, 1997, was a Sunday; thus the last day for appellant to file a timely notice of appeal was Monday, December 29, 1997. See Rule 9006(a). Appellant mailed the notice of appeal on December 29, and it was filed two days later.

Appellant's argument that he was entitled to an additional three days for mailing under Fed. R. Bankr. P. 9006(f) is unavailing. A notice of appeal is filed as of the date it is received by the court, not as of the date it is mailed. See

Arbuckle v. First Nat'l Bank of Oxford (In re Arbuckle), 988 F.2d 29, 31 (5th Cir. 1993); United States ex rel. Rudd v. Schimmels (In re Schimmels), 85 F.3d 416, 420 n.4 (9th Cir. 1996).  That appellant received notice by mail of the order dismissing the case is irrelevant.  See Constellation Dev. Corp. v. Dowden (In re B.J. McAdams, Inc.), 999 F.2d 1221, 1225 (8th Cir. 1993) (even if appellant had never received notice under Fed. R. Bankr. P.  9002, the time to appeal would not be altered).  It is the litigant's affirmative duty to monitor the court's docket.  See Key Bar Inv., Inc. v. Cahn (In re Cahn), 188 B.R. 627, 632 (B.A.P. 9th Cir. 1995); Delaney v. Alexander (In re Delaney), 29 F.3d 516, 518 (9th Cir. 1994) (parties have affirmative duty to monitor dockets to inform themselves of entry of orders they may wish to appeal).

The district court correctly concluded it lacked jurisdiction to entertain appellant's appeal.  See Kuntz v. DASU L.L.C. (In re Cray Computer Corp.), No. 97-1185, 1998 WL 229677 at **1 (10th Cir. May 7, 1998) (unpublished decision).  The motion for stay is denied as moot.  The motions to strike and for sanctions are also denied.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.  The mandate shall issue forthwith.


ENTERED FOR THE COURT
PER CURIAM