[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 06 2000
THOMAS K. KAHN
CLERK

_____

No. 99-13220
Non-Argument Calendar
_____

D. C. Docket No. 99-01728-CIV-T-17A


IN RE:  JOSEPH ARTHUR WILLIAMS, JR.,

                                                                    Debtor.

JOSEPH ARTHUR WILLIAMS, JR.,

                                                                    Plaintiff-Appellant,

        versus

EMC MORTGAGE CORPORATION,

                                                                    Plaintiff-Appellee.



_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(July 6, 2000)**

Before ANDERSON, Chief Judge, TJOFLAT and BARKETT, Circuit Judges.

PER CURIAM:

Joseph Arthur Williams appeals pro se the district court's affirmance of the bankruptcy court's order dismissing as untimely his appeal to the district court in a Chapter 12 bankruptcy proceeding. For the following reasons, we affirm.

Williams filed for bankruptcy under Chapter 12 of the Bankruptcy Code. One of Williams's creditors, EMC Mortgage Corporation, moved to dismiss the petition. The Bankruptcy Court for the Middle District of Florida dismissed Williams's petition on April 30, 1999. That same day, Williams filed a "motion for specificity in proposed dismissal order." The court denied that motion on May 11, 1999. On May 13, 1999, Williams filed a motion for rehearing or reconsideration, which the court denied on May 21, 1999. On June 7, 1999, Williams filed a notice of appeal to the United States District Court for the Middle District of Florida.[1] The bankruptcy court dismissed Williams's appeal for untimeliness. Williams then filed a motion for review by the district court. The district court affirmed the bankruptcy court's order dismissing the appeal for untimeliness.

This Court reviews determinations of law, whether made by the bankruptcy court or by the district court, de novo. See Equitable Life Assurance Soc'y v. Sublett

---

[1]Williams's notice of appeal did not specify from which bankruptcy court order or orders he was appealing.

2

(In re Sublett), 895 F.2d 1381, 1383 (11th Cir. 1990). The district court in a bankruptcy appeal functions as an appellate court in reviewing the bankruptcy court's decision. And as the second court of review, this Court's review of the district court's decision is entirely de novo. See id. at 1384.

The district court concluded that even if the motions filed by Williams subsequent to the April 30th order dismissing his petition tolled the time for appeal, the appeal was still not filed within the proper time measured from the date of entry of the ruling on the later of those two motions, May 21st. We agree.[2]

Rule 8002(a) of the Federal Rules of Bankruptcy Procedure provides that a notice of appeal must be filed "within 10 days of the date of the entry of the judgment, order, or decree appealed from." The bankruptcy court's order denying Williams's motion for rehearing or reconsideration was entered on the docket on May 21, 1999. Williams filed his notice of appeal on June 7th, seventeen days later. Thus, his notice of appeal was untimely with respect to all three orders of the bankruptcy court.[3]

---

[2]In light of our disposition, we need not reach the question of whether either or both of the post-dismissal motions filed by Williams tolled the time to appeal. We express no opinion on that question.

[3]Williams's contention that the 10-day period in which his notice of appeal could have been filed ran from the date he received the court's order, rather than from the date of entry of the order as expressly stated in Rule 8002(a), is without merit. See Arbuckle v. First Nat'l Bank of Oxford (In re Arbuckle), 988 F.2d 29, 31 (5th Cir. 1993) (concluding that the allegation that debtors did not receive actual notice of the entry of the relevant order until three days prior to the end of the appeal period was irrelevant because the appeal period begins to run from the date of an order's entry, not from the date of its service).

Nevertheless, Williams argues that he has demonstrated excusable neglect so that the district court should have extended the time for him to file an appeal. Federal Rule of Bankruptcy Procedure 8002(c)(2) provides, in relevant part:

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.

However, Williams filed no motion with the bankruptcy court requesting an extension of the time for filing a notice of appeal; he simply filed a notice of appeal seventeen days after the entry of the bankruptcy court's order disposing of his motion for rehearing or reconsideration. By its terms, Rule 8002(c)(2) requires that a <u>motion</u> for extension of time be filed. In addition, we have previously noted that:

> Our case law establishes the following two relevant rules for <u>pro se</u> appellants: (1) in criminal cases, we treat a late notice of appeal as a motion for extension of time due to excusable neglect under Rule 4(b) [of the Federal Rules of Appellate Procedure] and remand the case to the district court; and (2) in civil cases, we refuse to treat a late notice of

---

In addition, Williams's contentions that 1) he had an extra three days to file his notice of appeal pursuant to Federal Rule of Bankruptcy Procedure 9006(f), and 2) weekend days did not count in the 10-day computation are also without merit. "By its terms, Rule 9006(f) applies when a time period begins to run after service [of a notice or other paper]. The ten day period of Rule 8002(a) begins to run upon the entry of the order, not its service." <u>Arbuckle</u>, 988 F.2d at 31. As to the latter argument, Federal Rule of Bankruptcy Procedure 9006(a) provides that when the period of time prescribed or allowed is less than eight days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. Rule 8002(a) prescribes a 10-day period in which a party may appeal; thus, weekend days are not excluded from the computation. Federal Rule of Civil Procedure 6, providing that weekend days are not counted when the period of time prescribed is less than 11 days, does not apply.

appeal as a motion for extension of time due to excusable neglect under Rule 4(a)(5) and accordingly dismiss the appeal.

Sanders v. United States, 113 F.3d 184, 186-87 (11th Cir. 1997).[4] Federal Rule of Bankruptcy Procedure 8002 is an adaptation of Federal Rule of Appellate Procedure 4(a). See Fed.R.Bank.P. 8002 Advisory Committee Notes. Accordingly, we cannot construe Williams's late notice of appeal as a motion for extension of time due to excusable neglect. See Deyhimy v. Rupp (In re Herwit), 970 F.2d 709, 710 (10th Cir. 1992) (concluding that district court lacked jurisdiction to consider appeal from judgment of bankruptcy court where appellant filed notice of appeal eleven days after bankruptcy court entered judgment and did not file a motion for extension of time within the initial ten-day period or within the twenty days after the first ten-day period alleging that her failure to file a notice of appeal within the initial ten days was due to excusable neglect); see also Walker v. Bank of Cadiz (In re LBL Sports Ctr., Inc.),

---

[4]Unlike the habeas corpus petitioner in Sanders, Williams received the bankruptcy court's May 21st order before the time for filing a notice of appeal had expired. In addition, we note that in Sanders we treated the pro se petitioner's late notice of appeal of the district court's order as a motion pursuant to Fed.R.App.P. 4(a)(6). See Sanders, 113 F.3d at 187. Fed.R.Bank.P. 8002, however, while an adaptation of Fed.R.App.P. 4(a), has no provision analogous to Rule 4(a)(6), which allows for the reopening of the time to file an appeal when a party does not receive notice of the entry of a judgment or order. Moreover, Fed.R.Bank.P. 9022(a) provides that: "Lack of notice of the entry [of a judgment or order] does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." Cf. In re Longardner & Assocs., Inc., 855 F.2d 455, 464 (7th Cir. 1988) (following Rule 9022(a) strictly and holding that creditor's failure to receive notice of entry of order confirming reorganization plan was not alone sufficient grounds for extending the time to appeal that order beyond the constraints of Rule 8002(c)).

684 F.2d 410, 412 (6th Cir. 1982) (holding that district court erred in passing upon defendant's claim of excusable neglect where defendant never requested an extension of time from the bankruptcy judge, but only opposed plaintiffs' motion to dismiss by alleging, in oral argument before the district court, facts which were claimed to establish excusable neglect).

"The Supreme Court has emphasized that the timely filing of a notice of appeal is mandatory and jurisdictional. If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal." Advanced Estimating System, Inc. v. Riney, 77 F.3d 1322, 1323 (11th Cir. 1996). The district court's order affirming the bankruptcy court's dismissal of Williams's appeal is

**AFFIRMED.**[5]

---

[5]Appellant's request for oral argument is denied.