In re Gregory I. SALISBURY, Debtor.

Rain Bird Corporation, Plaintiff,

v.

Gregory I. Salisbury, Defendant.

Bankruptcy No. 03–10563.
Adversary No. 03–1104.

United States Bankruptcy Court,
N.D. Mississippi.

Jan. 5, 2006.

Leroy D. Percy, Tollison Law Firm, Oxford, MS, for Plaintiff.

Robert A. Talley, Shuttleworth Williams, PLLC, Memphis, TN, for Defendant.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a motion filed by the plaintiff, Rain Bird Corporation, to strike a notice of appeal filed by the defendant, Gregory I. Salisbury; an objection to the said motion to strike having been filed by the defendant; and the court, having heard and considered same, hereby finds as follows, to-wit:

### I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(d)(2)(I).

### II.

On October 5, 2005, this court executed an opinion and judgment which determined that certain debts owed by the defendant, Salisbury, were non-dischargeable in his bankruptcy case. Both the opinion and judgment were entered by the clerk of this court on October 12, 2005, and are incorporated herein by reference. The opinion and judgment were thereafter disseminated by the Bankruptcy Noticing Center on October 14, 2005, and received by the attorney representing the defendant on October 18, 2005. In keeping with Rule 8002(a), Federal Rules of Bankruptcy Procedure, which is set forth fully hereinbelow, the deadline to file a notice of appeal from the entry of the aforesaid opinion and judgment was Monday, October 24, 2005. (The actual ten day period fell on a Saturday, October 22, 2005, so the deadline was extended forward two days.) The defendant did not file a notice of appeal until October 28, 2005.

On November 4, 2005, the plaintiff filed a motion to strike the notice of appeal which is the subject matter of this proceeding.

On November 15, 2005, the defendant filed his objection to the plaintiff's motion to strike. In this pleading, the attorney representing the defendant asserted that good cause existed for extending the time limit to file the notice of appeal, as well as, that excusable neglect was the underlying justification. In keeping with Rule 8002(c)(2), Federal Rules of Bankruptcy Procedure, which is also set forth fully hereinbelow, the twenty day deadline to

file a motion for an extension of time to file a notice of appeal based on excusable neglect expired on November 14, 2005. (The twentieth day actually fell on Sunday, November 13, 2005, so the deadline was extended forward one day.)

According to the aforementioned rules, both the notice of appeal and the request for an extension of time to file the notice of appeal were untimely filed after the applicable deadlines.

## III.

Rule 8002(a), Federal Rules of Bankruptcy Procedure, is set forth as follows:

**Rule 8002.   Time for Filing Notice of Appeal**

**(a) TEN–DAY PERIOD.** The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from.   If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires.   A notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof. If a notice of appeal is mistakenly filed with the district court or the bankruptcy appellate panel, the clerk of the district court or the clerk of the bankruptcy appellate panel shall note thereon the date on which it was received and transmit it to the clerk and it shall be deemed filed with the clerk on the date so noted.

Rule 8002(c)(2), Federal Rules of Bankruptcy Procedure, is set forth as follows:

**(c) EXTENSION OF TIME FOR APPEAL.**

(2) A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.   An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later.

Rule 9022(a), Federal Rules of Bankruptcy Procedure, is set forth as follows:

**(a) JUDGMENT OR ORDER OF BANKRUPTCY JUDGE.** Immediately on the entry of a judgment or order the clerk shall serve a notice of the entry in the manner provided in Rule 5(b) F.R. Civ. P. on the contesting parties and on other entities as the court directs.   Unless the case is a chapter 9 municipality case, the clerk shall forthwith transmit to the United States trustee a copy of the judgment or order.   Service of the notice shall be noted in the docket. *Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002.* (emphasis supplied)

## IV.

■   At the hearing on the motion to strike the notice of appeal, the defendant offered no evidence supporting his allegation of excusable neglect.   Therefore, this issue can no longer be considered justification for an extension of time.

Although the time frame was relatively short between October 18, 2005, the date that the defendant's counsel received cop-

ies of the opinion and judgment, and October 24, 2005, the date that the ten day period to file a notice of appeal expired, there was no timely filing of the notice of appeal, and there was no motion filed within the said ten day period to extend the deadline which would have been customarily granted. As such, there is no question that the notice of appeal was filed beyond the deadline permitted by Rule 8002(a).

■ According to Rule 9022(a), a lack of notice, which is not actually an issue in this matter, does not prevent the running of the deadline.

■ If a notice of appeal is not timely filed, the non-prevailing party still has an opportunity, pursuant to Rule 8002(c)(2), to request an extension of time to file the notice of appeal, but this motion must be filed not later than twenty days after the expiration of the time for the filing of the notice of appeal, and this motion may be granted only upon a showing of excusable neglect. As set forth hereinabove, on November 15, 2005, one day after the extended twenty day period allowed by the rules had expired, the defendant filed his objection to the motion to strike, and, in this objection, raised for the first time his request to extend the deadline to file the notice of appeal based on excusable neglect. This objection, which will be considered by the court as a request for an extension of time, was also untimely filed.

■ The court recognizes that the defendant missed the applicable deadlines by only a matter of days, i.e., as to the notice of appeal by only four days, and as to the motion to extend the deadline for excusable neglect by only one day. However, the court does not have the discretion to ignore the provisions set forth in Rule 8002, essentially because of the provisions of Rule 9006(b), which is set forth as follows, to-wit:

**(b) ENLARGEMENT.**

(1) IN GENERAL. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

(2) ENLARGEMENT NOT PERMITTED. The court may not enlarge the time for taking action under Rules 1007(d), 2003(a) and (d), 7052, 9023, and 9024.

(3) ENLARGEMENT LIMITED. The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), *8002,* and 9033, only to the extent and under the conditions stated in those rules. (emphasis supplied)

As clearly provided in Rule 9006(b)(3), the court cannot enlarge the provisions set forth in Rule 8002 beyond what is specifically delineated in that rule. The rule contains only limited exceptions to the ten day period specified to file a notice of appeal, but no exception to file a motion for an extension of time for excusable neglect beyond the twenty day period.

■ The timeliness requirements of both Rule 8002(a) and Rule 8002(c)(2), are jurisdictional and are strictly construed. *See, Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982); *Torres v. Oak-*

*land Scavenger Co.,* 487 U.S. 312, 315, 108 S.Ct. 2405, 2408, 101 L.Ed.2d 285 (1988); *Bad Bubba Racing Prod., Inc. v. Huenefeld (In re Bad Bubba Racing Prod., Inc.),* 609 F.2d 815 (5th Cir.1980); *Matter of Robinson,* 640 F.2d 737 (5th Cir.1981); and *Matter of Arbuckle,* 988 F.2d 29 (5th Cir.1993).

## V.

■ Although it was not raised by the defendant's attorney in his argument or pleadings, the court was concerned as to whether the late filed notice of appeal could be considered as an informal, but timely, motion to request an extension of time for excusable neglect. No Fifth Circuit authority was found on this issue. However, the following two cases convince this court that the late filed notice of appeal cannot serve this purpose. *See, Williams v. EMC Mortgage Corporation (In re Williams),* 216 F.3d 1295 (11th Cir. 2000), and *In re Bushnell,* 273 B.R. 359 (Bankr.D.Vt.2001). Even if the late filed notice of appeal could "open the door" for the defendant, there still was no evidence presented to support excusable neglect as a justifiable reason to overcome the untimely filing.

Therefore, this court is of the opinion that both the notice of appeal and the request to extend the deadline to file a notice of appeal are both untimely. The motion to strike filed by the plaintiff is well taken. A separate Order will be entered consistent with this Opinion.