**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3513
_____

ROBERT WASHINGTON,
Appellant

v.

MARY LOU SHOWALTER; B. CORBIN; JB KELLER;
RM LAWLER; DAVID J. WAKEFIELD; MAJOR M.W. HARLOW;
KRISTEN P. REISINGER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-07-cv-01159)
District Judge:  Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 21, 2012

Before:  SLOVITER, SMITH and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 27, 2012)
_____

OPINION
_____

PER CURIAM

    Robert Washington, a Pennsylvania inmate proceeding pro se, appeals the District

Court's adverse judgment in this suit under 42 U.S.C. § 1983.  For the reasons that follow, we

1

will affirm.

I.

Because we write primarily for the parties, our description of the background will be brief. In 2006, while confined at SCI-Huntingdon, Washington experienced hallucinations and attempted suicide on several occasions. After exhausting his administrative remedies, Washington filed this § 1983 suit claiming that the defendant prison officials violated his Eighth Amendment rights by disregarding the serious risk of his committing suicide, failing to provide proper mental health treatment, and failing to recommend his transfer to another facility for treatment.[1]

On September 18, 2008, the District Court dismissed all official capacity claims as barred by the Eleventh Amendment, and it dismissed the individual capacity claims against Reisinger, Wakefield, Harlow, Lawler, Corbin, and Keller for lack of personal involvement of these defendants. The remaining defendant, Showalter, filed a motion for summary judgment, which the District Court granted on December 31, 2009, finding no genuine issue of material fact on the issue of whether Showalter had displayed deliberate indifference to Washington's medical needs.

Washington moved for an extension of time to file a motion for reconsideration, which the District Court granted. On February 3, 2010, Washington filed both a motion for reconsideration, Docket # 60, and a motion for leave to file an amended complaint against

---

[1] The defendants are: Chief Grievance Officer Kristen Reisinger; Superintendent David J. Wakefield; Deputy Superintendent Michael Harlow; Deputy Superintendent Raymond Lawler; Classification Manager Brian Corbin; Health Care Administrator Mary Lou Showalter; and Unit Manager Joseph Keller.

Showalter, Docket # 61. On July 26, 2010, the District Court denied both motions. On August 19, 2010, Washington filed a notice of appeal.

## II.

We must first consider our jurisdiction over this appeal, even though the parties do not contest our jurisdiction. See, e.g., Adapt of Phila. v. Phila. Hous. Auth., 433 F.3d 353, 361 n.10 (3d Cir. 2006) (noting that we have "the inherent obligation to satisfy ourselves that appellate jurisdiction attaches"). On September 18, 2008, the District Court entered its order dismissing the claims against six of the seven defendants. The District Court's order granting summary judgment to the remaining defendant, Showalter, was docketed on December 31, 2009. Ordinarily, the time for an appeal would run from entry of that final order, but here the District Court's order was not entered in compliance with the separate-document rule of Federal Rule of Civil Procedure 58(a), which requires that an order "must be self-contained and separate from the opinion." LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007). Specifically, "[t]o be independent of the court's opinion, an order must be separately titled and captioned, not paginated consecutively to the opinion or memorandum, not stapled or otherwise attached to the opinion, and must be docketed separately." Id. The District Court's December 31, 2009, order failed to comply with Rule 58 because it was paginated consecutively and attached to the court's opinion, and it was not docketed separately.

Consequently, and for purposes of calculating Washington's time to appeal, we must consider the December 31, 2009, order to have been "entered" 150 days after the date on which it was docketed. See Fed. R. App. P. 4(a)(7)(A)(ii). Washington had thirty days after that date

3

– or until June 30, 2010 – to file a notice of appeal. See LeBoon, 503 F.3d at 224. Washington filed his notice of appeal on August 19, 2010, which ordinarily would result in our dismissal of this appeal as untimely under Rule 4(a)(1). Washington's motion for reconsideration, however, tolled his time to appeal. See Fed. R. App. P. 4(a)(4)(A)(iv).[2] Washington's notice of appeal was filed within thirty days of the July 26, 2010, order denying reconsideration, and is therefore timely. Based on the foregoing, we are satisfied that we have jurisdiction under 28 U.S.C. § 1291 to review the District Court's orders of September 18, 2008, December 31, 2009, and July 26, 2010.[3]

Turning to the merits, the District Court granted a motion to dismiss the individual

---

[2] "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e) (effective Dec. 1, 2009). Washington moved for reconsideration on February 3, 2010, which was more than twenty-eight days after the December 31, 2009, judgment. However, because the December 31, 2009, order was not "entered" until 150 days later, Washington's motion for reconsideration is considered timely. See, e.g., In re B.J. McAdams, Inc., 999 F.2d 1221, 1223 (8th Cir. 1993) ("Several cases have deemed timely motions that follow memoranda and orders or opinions, but that pre-date entry of judgment."); Larez v. City of Los Angeles, 946 F.2d 630, 636 (9th Cir. 1991) ("[W]hile it is true that the officers filed their new trial motion before the entry of judgment, nothing in Fed. R. Civ. P. 59 prohibits early filings."); Hilst v. Bowen, 874 F.2d 725, 726 (10th Cir. 1989) ("[C]ourts and commentators generally agree that this [twenty-eight day] limit sets only a maximum period and does not preclude a party from making a Rule 59 motion before a formal judgment has been entered."). As a result, and notwithstanding the District Court's impermissible entry of an order extending Washington's time to file a Rule 59(e) motion, see Fed. R. Civ. P. 6(b)(2); Long v. Atl. City Police Dep't, 670 F.3d 436, 444 n.16 (3d Cir. 2012), Washington's motion for reconsideration tolled his time to appeal. See Havird Oil Co., Inc. v. Marathon Oil Co., Inc., 149 F.3d 283, 288 (4th Cir. 1998) ("There is no logical reason for Rule 4(a)(4) [tolling] to operate any differently if [the enumerated] motions are filed before the entry of judgment.").

[3] Although Washington's notice of appeal mentions only the July 26, 2010 order, we have held that we "can exercise jurisdiction over orders not specified in the Notice of Appeal if: (1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues." Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir.2010) (quotation marks omitted). We conclude (and appellees do not dispute) that these conditions are met here.

capacity claims against Reisinger, Wakefield, Harlow, Lawler, Corbin, and Keller for lack of personal involvement in the alleged Eighth Amendment violation.[4] Our review of this issue is de novo, see Reilly v. Ceridian Corp., 664 F.3d 38, 41 (3d Cir. 2011), and we discern no error. Liability under § 1983 requires the plaintiff to plead the defendant's personal involvement in the alleged constitutional violation, which "can be shown through allegations of personal direction or of actual knowledge and acquiescence." Argueta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 72 (3d Cir. 2011) (quotation marks omitted). Here, Superintendent Wakefield and Chief Grievance Officer Reisinger are named as defendants because they each conducted appellate-level review of defendant Showalter's response to Washington's grievance about his medical treatment. We agree with the District Court that Wakefield's and Reisinger's involvement in the grievance review, without more, is insufficient to maintain a claim that they exhibited deliberate indifference to Washington's medical needs. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official ... will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.").

Similarly, defendants Harlow, Lawler, Corbin, and Keller are all non-medical prison staff who are named as defendants because of their roles as members of the Program Review Committee ("PRC"), which reviewed Washington's complaints regarding the appropriateness

---

[4] The District Court also afforded Eleventh Amendment immunity as to the claims against defendants in their official capacities, which was plainly correct. See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010).

5

of his custody status. Washington's allegations do not suggest that these defendants had sufficient personal involvement in the alleged violation of his Eighth Amendment rights. Moreover, even if these defendants can be said to have had a level of personal involvement, the record is clear that they did not display deliberate indifference to Washington's needs. The PRC's written decisions reflect a balanced consideration of Washington's custody status in light of his disciplinary infractions and mental health needs. Neither Washington's allegations nor the evidence adduced in the summary judgment record plausibly suggest that Harlow, Lawler, Corbin, or Keller engaged in any "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

In its subsequent December 31, 2009, order, the District Court entered summary judgment for Health Care Administrator Showalter, who manages the health care services program at SCI-Huntingdon. Showalter is the prison official who responded to and rejected Washington's grievance about the treatment he was receiving for his mental health issues. We exercise plenary review over an order granting summary judgment and employ the same standard as the District Court. DeHart v. Horn, 390 F.3d 262, 267 (3d Cir.2004). Summary judgment must be entered when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 667 F.3d 408, 412 (3d Cir. 2012) (discussing standard).

The evidence gleaned from Washington's voluminous prison medical record fully supports the entry of summary judgment. Briefly stated, the record is undisputed that Washington began receiving psychiatric treatment from mental health professionals shortly after his arrival at SCI-Huntingdon, and his care continued with frequency thereafter, including

6

repeated evaluations, treatment with medications, counseling, and close observation of his status. Some of Washington's recurring issues appear to have stemmed at least in part from his own lack of cooperation in taking prescribed medications. Nevertheless, numerous professionals tended to his mental health during the period at issue in this suit by responding promptly to his needs, including providing treatment following the suicide attempts and addressing Washington's complaints about the medications.

In his grievance to defendant Showalter, Washington asserted that his medical treatment was inadequate and that he should be transferred to a different institution for better treatment. Showalter rejected the grievance after an investigation, explaining that a "[r]eview of your medical record indicates that you are being followed by the psychiatrist on a routine basis. You are receiving medications as prescribed. You have been sent to the Mental Health Unit as needed." It is undisputed that Washington continued to receive treatment after filing his grievance. On this record, we agree with the District Court that Showalter was justified in believing that Washington was receiving adequate care from the medical staff, and that no reasonable trier of fact could conclude otherwise. Summary judgment, therefore, was properly entered for Showalter.

Finally, we review the District Court's order denying Washington's motions for reconsideration and to amend the complaint. Our review is for abuse of discretion. Adams v. Gould Inc., 739 F.2d 858, 863 (3d Cir. 1984).

A motion for reconsideration is a limited vehicle used "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking

reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Washington sought reconsideration on the grounds that he was unaware of his right to discovery, that he had trouble meeting deadlines due to his psychological condition and medication, and that he had difficulty representing himself. The District Court fully explained why these grounds did not warrant reconsideration of its entry of summary judgment for Showalter, see Docket # 80 at 4-5, and we discern no abuse of discretion.

The District Court also properly denied leave to amend, which Washington sought so that he could assert claims of negligence and gross negligence against Showalter. Such claims, as the District Court explained, would be grounded in state law and would not provide a basis for federal jurisdiction. The District Court did not abuse its discretion by refusing an amendment that would have required the court to exercise supplemental jurisdiction after it had dismissed all claims giving rise to its original jurisdiction. See, e.g., Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 174 (3d Cir. 2009)

III.

For the foregoing reasons, we will affirm the District Court's judgment.